UNITED STATES, Appellant

v

CALVIN H. GEPPERT, Jr., Private, U. S. Marine Corps, Appellee

7 USCMA 741, 23 CMR 205

No. 9434

Decided April 19, 1957

*Lieutenant Colonel Charles H. Beale, Jr.*, USMC, argued the cause for Appellant, United States.

*Commander H. H. Brandenburg*, USN, argued the cause for Appellee, Accused.

## Opinion of the Court

GEORGE W. LATIMER, Judge:

Accused was tried by special court-martial, for absence without leave and "wrongful withholding" in contravention of Articles 86 and 121, Uniform Code of Military Justice, 10 USC §§ 886 and 921, respectively. He pleaded guilty to the charge of unauthorized absence, not guilty to the withholding offense, but was convicted of both as charged. He was sentenced to bad-conduct discharge, five months' confinement, and forfeiture of $50 per month for a like period. Both the convening and supervisory authorities approved the findings and sentence, but a board of review determined that the specification purporting to allege a violation of Article 121 failed to state an offense, and accordingly disapproved the conviction thereunder, and set aside that part of the sentence providing for a punitive discharge. Thereafter, The Judge Advocate General of the Navy certified the case to this Court requesting action on the following issue:

"Does the specification of Charge II state an offense cognizable under the Uniform Code of Military Justice?"

The conviction for unauthorized absence is not challenged, and since we are concerned only with the sufficiency of the other specification, we need not inquire into the facts of the case. The specification in question is phrased as follows:

"In that, Private Calvin H. GEPPERT Jr., U. S. Marine Corps, Marine Air Base Squadron 36, Marine Helicopter Transport Group 36, Third Marine Aircraft Wing, Marine Corps Air Facility, Santa Ana, California, did, at Marine Corps Air Facility, Santa Ana, California, from on or about 21 July 1956 until on or about 31 July 1956, wrongfully withhold an automobile, a green 1949 Pontiac Sedan, of a value of about $150.00, the property of Melton D. MANLEY."

Defense counsel attacked the specification at trial, arguing that it failed to allege any fact or conclusion from which the essential element of specific intent could be inferred and therefore that it did not state an offense. The court denied counsel's motion to dismiss the specification and, after the taking of testimony was completed, convicted the accused. The members of the board of review, however, reached the conclusion that the court-martial erred, for they held that the specification of wrongful withholding did not allege a crime. It is the propriety of that holding which is disputed by the Government here.

Appellate Government counsel acknowledges in his brief that Congress pre-empted the field of criminal conversions in military law by enacting Article 121 of the Code; that the Article embraces only larceny and wrongful appropriation and no lesser offenses; and that both offenses defined therein require a specific intent either permanently or temporarily to deprive the owner of his property. We accept the acknowledgment for it is founded on our views as set out previously in United States v Norris, 2 USCMA 236, 8 CMR 36.

Stated generally, the crux of the Government's argument is simply that the specification states the offense of wrongful appropriation. If that contention could be sustained, then the pleading would be sufficient, for the form specification—which we have tacitly approved on many occasions—suggests that the use of the phrase "unlawfully appropriate" is proper to define the offense. In support of the argument, the Government urges that the terms "appropriate" and "withhold" are synonymous, and therefore that the substitution of the latter word for the former in a specification does not render the pleading fatally defective. Indeed, they argue that the use of the term "withhold" makes the specification all the more plain, for it more exactly describes the actions of the accused.

We cannot agree. First, we are con-

742

vinced that the ordinary connotation of the word appropriate is ■ not similar or identical to that of the word withhold. Perhaps every misappropriation may be wrongful withholding, but the converse does not follow. Second, assuming similarity in ordinary usage, in the military community, wrongful appropriation is a "term of art," deriving its special meaning from the Uniform Code of Military Justice. However, wrongful withholding has not been given the same considered treatment. Article 121 of the Code, supra, defines wrongful appropriation as follows:

"(a) Any person subject to this chapter who wrongfully takes, obtains, or withholds, by any means, from the possession of the owner or of any other person any money, personal property, or article of value of any kind—

. . . . . . .

(2) with intent temporarily to deprive or defraud another person of the use and benefit of property or to appropriate it to his own use or the use of any person other than the owner, is guilty of wrongful appropriation."

Wrongful appropriation, then, in the military connotes the wrongful obtaining or withholding of certain goods, coupled with the specific intent temporarily to deprive another of the use and benefit of his property. It is for that reason that the phrase wrongful appropriation states by fair implication both of those elements of the offense.

On the other hand, the term withholding, whether wrongful or otherwise, has no such special meaning, and it has not been defined in military law to include any criminal mens rea. Rather, it is only mentioned in the Code or the Manual in its ordinary sense, and it there indicates only one of the types of possession, which must be coupled with the necessary intent to make out either larceny or wrongful appropriation. Article 121, Uniform Code of Military Justice, supra; Manual for Courts-Martial, United States, 1951, paragraph 200. If, therefore, wrongful withholding must be combined with an element of specific intent to equal misappropriation, the two cannot be synonymous. Accordingly, since the term wrongful withholding does not fairly embrace any specific intent, the specification does not allege wrongful appropriation.

We are left, then, with a pleading which alleges only wrongful withholding. As we ■ said in Norris, supra:

"We are persuaded, as apparently the drafters of the Manual were, that Congress has, in Article 121, covered the entire field of criminal conversion for military law. We are not disposed to add a third conversion offense to those specifically defined."

There we indicated that there was no offense of wrongful taking in the absence of specific intent to deprive an owner of his property, either permanently or temporarily, and the rationale of that decision is dispositive of this issue. While the Government is free to prosecute under specifications couched in language of its choice, it must make certain that every essential element of the offense is pleaded, either directly or by fair implication. United States v Sell, 3 USCMA 202, 11 CMR 202; United States v Fout, 3 USCMA 565, 13 CMR 121.

For the foregoing reasons, we find the specification fatally defective and, accordingly, the certified question is answered in the negative. The decision of the board of review is affirmed.

Chief Judge QUINN and Judge FERGUSON concur.