UNITED STATES, Appellant

v

GLENN E. LARSEN, Fireman, U. S. Navy, Appellee

11 USCMA 555, 29 CMR 371

No. 13,872

Decided June 24, 1960

*Commander Louis L. Milano,* USN, was on the brief for Appellant, United States.

*Captain Frederick D. Clements,* USMC, was on the brief for Appellee, Accused.

## Opinion of the Court

PER CURIAM:

Upon his plea of guilty, a special court-martial convicted accused for an unauthorized absence and a pass offense, violations of Articles 86 and 134, Uniform Code of Military Justice, 10 USC §§ 886 and 934, respectively. He was sentenced to bad-conduct discharge, partial forfeitures and confinement at hard labor for six months, and reduction to the grade of fireman recruit. The convening authority and the officer exercising general court-martial jurisdiction approved. The board of review affirmed the findings, but concluded legal error infested the sentence, in light of which the board affirmed as appropriate only so much thereof as provides for confinement at hard labor for three months. Thereafter, The Judge Advocate General of the Navy certified the case to this Court

under the provisions of Article 67(b) (2) of the Code, 10 USC § 867, requesting action on the following question:

"Was the sentence of the court-martial legally excessive in view of the instructions of the president concerning the Table of Maximum Punishments?"

The problem before us arises from the following instruction given by the president prior to closing the court for deliberations on sentence:

"The court is advised that the maximum punishment that may be adjudged by any court for these offenses, as stated in the Table of Maximum Punishments, MCM, U.S. 1951, is as follows: A dishonorable discharge and confinement at hard labor not to exceed three years. However, the court is advised that the

maximum punishment that this court may adjudge for any offense is a bad conduct discharge, confinement at hard labor for six months, forfeiture of two-thirds pay per month for a period not to exceed six months, and reduction to the lowest enlisted pay grade."

It will be noted that the president, in referring to the permissible sentence under the Table of Maximum Punishments, omitted to include forfeitures or reduction. The board of review concluded that the instruction limited the imposable sentence, and accordingly sustained the accused's contention that the reduction in rate and the forfeitures were void because they exceeded the court's sentencing powers as stated in the president's instruction.

We disagree. The first part of the instruction is surplusage and erroneous. But, more important, ▮ when the charge is considered in its entirety, it is quite plain that the court-martial was not delimited in any fashion except that it might not impose a sentence for the crimes of which accused was convicted which exceeded bad-conduct discharge, confinement and partial forfeitures for six months, and reduction. Accordingly, the board of review erred in concluding that the forfeiture and reduction portions of the sentence were void.

However, it is clear under the recent opinion of this Court in United States v Green, 11 USCMA 478, ▮ 29 CMR 294, decided after the case at bar was certified to us, that the president erred to the accused's prejudice when he instructed the court members on the three-year penalty listed in the Table of Maximum Punishments, which exceeds the sentencing power of a special court-martial. The Government candidly acknowledges the error and correctly notes that the board of review may cure the same by reassessment of sentence upon remand.

Accordingly, so much of the board's decision as relates to sentence is reversed. The record of trial is returned to The Judge Advocate General of the Navy for reference to the board of review for further action not inconsistent with this opinion and reassessment of the sentence in light of the error noted.