UNITED STATES, Appellee

v

CHARLES A. WILLIAMS, Recruit, U. S. Army, Appellant

12 USCMA 683, 31 CMR 269

First Lieutenant Ira M. Lechner argued the cause for Appellant, Accused. With him on the brief was Lieutenant Colonel Ralph W. Wofford.

First Lieutenant Carl F. Wrench argued the cause for Appellee, United States. With him on the brief was Major Francis M. Cooper.

## Opinion of the Court

FERGUSON, Judge:

Tried by general court-martial, the accused was found guilty of attempted larceny, in violation of Uniform Code of Military Justice, Article 80, 10 USC § 880, and assault with a dangerous weapon, in violation of Code, supra, Article 128, 10 USC § 928. He was sentenced to dishonorable discharge, forfeiture of all pay and allowances, and confinement at hard labor for two years. Intermediate appellate authorities affirmed, and we granted accused's petition for review, specifying the following issue:

"Whether the law officer erred in denying the defense motion to make Charge I more definite. (R 5, et seq.)"

Charge I and its specification read as follows:

"Charge I: Violation of the Uniform Code of Military Justice, Article 80

"Specification: In that Recruit Charles A. Williams, U. S. Army, Company C, 65th Engineer Battalion, did at Schofield Barracks, on or about 7 March 1961, attempt to steal *personal property of some value,* the property of Kenneth R. Clowdus." [Emphasis supplied.]

Immediately following accused's arraignment, an out-of-court hearing was held at the instance of the defense counsel. There, he sought the amendment by the convening authority of the specification set forth above in order to specify with more particularity the nature of the "personal property" involved. After consideration of the defense motion in light of our decision in United States v Autrey, 12 USCMA 252, 30 CMR 252, the law officer denied the motion.

The evidence in the record tends to establish that, during the night of March 6, 1961, and the early morning hours of March 7, accused was observed unlocking, opening, and looking through a Private Ruble's footlocker. He took nothing from it, finally relocking the trunk and returning to his own section of the barracks. A few seconds later, accused reappeared and looked closely at the footlocker positioned next to Ruble's. This item belonged to Corporal Flores. Accused went to Flores' bed, ascertained that he was asleep, and returned to the footlocker. Once more, accused returned to his cubicle.

A few seconds later, he was again observed. On this occasion, he was carrying a footlocker into his barracks area. Once there, he bent over it and examined the lock. Footsteps were heard approaching, and accused jumped into his bed. The lights were turned on, and accused was told he had been seen "in the act." The footlocker which he had

carried into his cubicle was the property of Clowdus.

In United States v Autrey, supra, we extensively reviewed the question of sufficiency of pleadings to stand against attack. There, we said, at page 253:

"Generally speaking, whether a specification sets forth an offense depends upon a determination that the facts, as alleged, are stated with sufficient particularity to apprise the accused of the crime against which he must defend and whether the record enables him to avoïd a second prosecution for the same offense. United States v Karl, 3 USCMA 427, 12 CMR 183; United States v Sell, 3 USCMA 202, 11 CMR 202."

In the *Autrey* case, the precise question was whether an averment that accused took "money and/or property" was a sufficient description of the *res* involved in a wrongful appropriation to withstand a contention of indefiniteness. We concluded it was not, not only because the allegation made use of the phrase "and/or," but also because it contained no intimation of the nature of the items taken. It is this facet of the decision which is decisive of the question before us. With respect to it, we announced, at page 253:

"Property which has been alleged to have been wrongfully taken must be described in an indictment or other complaint with reasonable certainty. United States v Cruikshank, 92 US 542, 23 L ed 588 (1876). In that case, Mr. Chief Justice Waite declared on behalf of the Supreme Court, at page 558:

'. . . The object of the indictment is, first, to furnish the accused with such a description of the charge against him as will enable him to make his defense, and avail himself of his conviction or acquittal for protection against a further prosecution for the same cause; and, second, to inform the court of the facts alleged, so that it may decide whether they are sufficient in law to support a conviction, if one should be had. For this, facts are to be stated, not conclusions of law alone. A crime is made up of acts and intent; and these must be set forth in the indictment, with reasonable particularity of time, place and circumstances.

'It is a crime to steal goods and chattels; *but an indictment would be bad that did not specify with some degree of certainty the articles stolen. This, because the accused must be advised of the essential particulars of the charge against him, and the court must be able to decide whether the property taken was such as was the subject of larceny.*'"

In like manner, we pointed out in *Autrey,* supra, that the Federal courts had held an indictment void which alleged the defendant's application to his own use of "'certain property of the United States, which said property had theretofore been furnished to the military service.'" Edwards v United States, 266 Fed 848 (CA 4th Cir) (1920).

The modern tendency has been toward allowing the pleading of legal conclusions and the elimination of detailed factual allegations from counts charging misconduct. United States v Sell, 3 USCMA 202, 11 CMR 202; United States v Karl, 3 USCMA 427, 12 CMR 183; United States v Mamaluy, 10 USCMA 102, 27 CMR 176. In light of this trend, use of no descriptive averment beyond "personal property" may well suffice to allege the subject of an *attempted* larceny. Snead v Smyth, 273 F2d 838 (CA 4th Cir) (1959). But resort to such pleading is always subject to a motion for further particularization. Bartell v United States, 227 US 427, 57 L ed 583, 33 S Ct 383 (1913); Myles v United States, 170 F2d 443 (CA 5th Cir) (1948); 27 Am Jur, Indictments and Informations, §§ 83, 112, 113; Annotation, 5 ALR2d 444, 462. That is precisely the relief which the accused sought here.

The United States nevertheless contends that our decision in United States v Autrey, supra, and the authorities cited above may be distinguished on the basis that this accused was charged

with attempted larceny, whereas the aforesaid cases concerned themselves with the completed crime. In support of its argument, it refers to various state decisions. See State v Utley, 82 NC 556; Clark v State, 86 Tenn 511, 8 SW 145 (1888); People v Dogoda, 9 Ill 2d 198, 137 NE2d 386 (1956). All of those decisions, however, either deal with attempts wherein it was not possible for the prosecution to aver the subject matter of the crime further than as described in the particular indictment, or are otherwise not relevant to the problem before us. That is not the situation here, for it is apparent from the record that the Government was fully aware of the nature of the *res* involved. It was well within its power to allege that the accused had sought to steal a footlocker, a footlocker and its contents, or the contents of a footlocker. Snead v Smyth, supra; Myles v United States, supra; cf. United States v Means, 12 USCMA 290, 30 CMR 290.

The decision of the board of review is reversed and the record of trial is returned to The Judge Advocate General of the Army. A rehearing may be held upon a properly amended specification or the charge of attempted larceny may be dismissed and the sentence reassessed on the basis of the remaining findings of guilty.

Judge KILDAY concurs.

Chief Judge QUINN concurs in the result.