UNITED STATES, Appellee

v

ESTON PAULK, Staff Sergeant, U. S. Air Force, Appellant

13 USCMA 456, 32 CMR 456

No. 16,098

February 21, 1963

*Major William A. Crawford, Jr.,* argued the cause for Appellant, Accused. With him on the brief was *Colonel Joseph E. Krysakowski.*

*Captain Donald W. Brewer* argued the cause for Appellee, United States. With him on the brief were *Colonel Merlin W. Baker* and *Lieutenant Colonel Emanuel Lewis.*

## Opinion of the Court

FERGUSON, Judge:

The accused was tried by general court-martial upon a charge of larceny, in violation of Uniform Code of Military Justice, Article 121, 10 USC § 921, found guilty, and sentenced to bad-conduct discharge, forfeiture of all pay and allowances, confinement at hard labor for one year, and reduction to the grade of basic airman. Intermediate appellate authorities affirmed, and we granted review on two issues, one of which deals with the contention that the specification of the Charge is "doubly duplic-

itous" and that the law officer erred in refusing to grant a defense motion with respect thereto. We do not comment concerning the other matter, as it has been mooted by a certificate of correction filed in this Court.

The specification in question alleges the following:

"In that Staff Sergeant Eston Paulk, . . . did, at Karamursel Air Station, Turkey, between 30 November 1959 and 23 February 1960, steal $352.90 in United States Currency, the property of Techncial Sergeant Darrell Hess, Staff Sergeant Shelton Harris, Technical Sergeant James L. Seppala, Corneluis [sic] Van Polen, and the United States Government."

Upon accused's arraignment, defense counsel pointed out that the specification stated the amount of currency therein set out was the property of the United States and several individuals. He moved for "a more specific expression by the Government as to just what it is they are charging" which "might be also in the form of an election."

In reply, trial counsel declared the evidence would bear out accused's guilt of "embezzlement and swindling" on the basis that he had, without authority, sold United States property to each of the various individuals named and had failed to account to the Government for the proceeds of the sales. He refused to amend the specification or to elect any single theory of prosecution. The law officer denied the motion on the basis that he had not yet heard the evidence, but granted permission to renew it "at a later time, or to request an instruction which will permit the court to specify either one theory or another."

The evidence tended to establish that accused, the noncommissioned officer in charge of the Salvage Yard at Karamursel Air Station, Turkey, on December 1, 1959, sold to Sergeants Hess, Harris, and Seppala Government typewriters, receiving from each of them a payment of $24.50. On December 3, 1959, accused sold one Cornelius Van Polen an Air Force sedan from the Salvage Yard for the sum of $279.40. On each occasion, accused represented that the sale was authorized under applicable regulations and purported to conclude it on behalf of the United States. In fact, each such sale was made without authority, and the proceeds thereof were not accounted for by the accused.

At the conclusion of the prosecution's case, defense counsel renewed his motion for appropriate relief, asking for "some clarification from the trial counsel as to what theories under Article 121 the trial counsel is proceeding." The law officer again denied the motion.

The specification on its face is proper, purporting as it does to allege the theft of property, the ownership  of which was vested in several parties. Moreover, under an allegation that accused did "steal," it is proper to prove a single offense of either common-law larceny, embezzlement, or an obtaining by false pretenses. Nevertheless, viewed in light of the evidence and the frank admission of the trial counsel in opposition to the defense motion for appropriate relief, it is clear that the specification was intended to and does embrace within its confines at least three separate larcenies occurring between the dates therein set out. Thus, it purports to aver—in the short form of pleading used in military law—theft by means of false pretenses from the purchasers of the typewriters; an undeniably separate larceny by false pretenses from the purchaser of the automobile; and a purported embezzlement from the United States of the fund thus obtained by reason of having failed to account for the proceeds of the sales. Indeed, this accused was met, within the boundaries of a single count, with a veritable barrage of charges upon which his conviction might be predicated.

The specification thus violates one of the rudimentary principles of pleading, for, as noted by the Manual for Courts-Martial, United States, 1951, "One specification should not allege more than one offense either conjunctively or in the alternative." Manual, supra, paragraph 28b. See also United States v Parker, 3 USCMA 541, 13 CMR 97;

United States v Autrey, 12 USCMA 252, 253, 30 CMR 252, 253; Federal Rules of Criminal Procedure, Rule 8a; and Kotteakos v United States, 328 US 750, 90 L ed 1557, 66 S Ct 1239 (1946).

Nor is this method of pleading supported by our decision in United States v Means, 12 USCMA 290, 30 CMR 290. There, as noted by the Chief Judge for a majority of the Court, the specification alleged a course of conduct, *i.e.*, use of marihuana, over a period of time. Here, however, the various offenses brought within the count are separate crimes in every respect. Cf. United States v Maynazarian, 12 USCMA 484, 31 CMR 70.

Moreover, we point out that the defense counsel in his motion also expressly requested "a more ▇▇▇▇ ▇ specific expression by the Government" concerning the nature of the charge. In United States v Williams, 12 USCMA 683, 31 CMR 269, we declared that the modern tendency to resort to abbreviated pleadings "is always subject to a motion for further particularization." United States v Williams, supra, at page 685. Here, even this relief was denied accused, and he was merely informed orally that the Government intended to rely on one or all of the various theories which it had embodied in the count. A generalized reply of this nature, under the circumstances depicted in this record, does not discharge the burden of the United States to particularize a general averment of criminal conduct, especially when the count in question is so phrased as to permit the prosecution to range widely through proof of different offenses in order to satisfy the fact finders of accused's guilt. In short, the purpose of a bill of particulars is to narrow the scope of the pleadings and not to enlarge it.

We conclude, therefore, that the law officer erred in denying the defense motion for appropriate relief. The specification, considered in light of the evidence and the trial counsel's statement to the law officer, was indeed "doubly duplicitous," and particularization was required here even more than in *Williams,* supra. The ruling of the law officer left the accused faced with the hopeless task of meeting at least three different offenses, based on differing theories of prosecution, under the guise of a single charge. While many of the technicalities of earlier days have vanished from pleading and practice, the general principle of fair and proper notice remains. Here, the accused was denied that right, and reversal is accordingly necessitated.

The decision of the board of review is reversed, and the record of trial is returned to the Judge Advocate General of the Air Force. A rehearing may be ordered on a properly amended specification.

Chief Judge QUINN and Judge KILDAY concur.