UNITED STATES, Appellee

v

HOPSON WILSON, JR., Airman Basic,
U. S. Air Force, Appellant

13 USCMA 670, 33 CMR 202

No. 16,459

April 26, 1963

*Captain Hugh J. Dolan* argued the cause for Appellant, Accused. With him on the brief were *Russell Brown, Esquire, F. Henderson Moore, Esquire, Colonel Daniel E. Henderson, Jr.,* and *Colonel Joseph E. Krysakowski.*

*Captain Richard T. Yery* argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel Emanuel Lewis.*

## Opinion of the Court

FERGUSON, Judge:

Tried before a special court-martial convened by the Commander, 1608th Air Transport Wing, Charleston Air Force Base, South Carolina, the accused was found guilty of two specifications of larceny, in violation of Uniform Code of Military Justice, Article 121, 10 USC § 921, and the wrongful and false alteration of a character and credit reference slip, in violation of Code, supra, Article 134, 10 USC

§ 934. He was sentenced to bad-conduct discharge, forfeiture of $28.00 per month for four months, and to be confined at hard labor for four months. The convening authority approved the sentence. The supervisory authority modified the findings of guilty of larceny by reducing the value of the stolen items in each specification to an amount not in excess of $20.00, but also approved the adjudged penalty. The board of review affirmed, and we granted accused's petition for review on the following issues raised by counsel:

A. THE EVIDENCE IS INSUFFICIENT TO SUSTAIN A CONVICTION OF SPECIFICATION 2 OF CHARGE 1.

B. CONDUCT OF THE MATTER ALLEGED IN THE SPECIFICATION OF CHARGE 2 IS PRE-EMPTED BY ARTICLE 123.

Resolution of the initial issue requires that we examine the evidence against accused in some detail. The record reveals the parties stipulated that a tan and maroon Silvertone record player, belonging to a Staff Sergeant Bevington was taken from Bevington's room in Barracks S–464, Charleston Air Force Base, on January 18, 1962. The taking was without Bevington's permission, and the record player was recovered by Air Police from the Taylor Loan Company, Charleston, South Carolina, on January 29, 1962. It had been pawned by the accused under the name and address of "I. Williams, 37 America Street."

It was also stipulated by the parties that a blue-green and white Silvertone record player, property of an Airman Second Class Short, was taken from Short's room in Barracks S–464, Charleston Air Force Base, between approximately 1:50 p.m. and 2:45 p.m. on January 22, 1962.

Accused, who did not reside there, was observed in Barracks S–464 at approximately 1:15 p.m. on January 22. He was carrying nothing at the time and asked Airman Fulmore the location of an Airman Butler's room. Fulmore saw him again on the second floor of the barracks a few minutes later. Accused inquired concerning the location of an Airman Power's room. Fulmore imparted this information and went to the third floor. While looking from a window on the third floor at about 1:45 p.m., he once more saw the accused. On this occasion, accused was standing on the second floor fire escape. He was carrying "a box type object with a handle on the top." Fulmore was unable to testify whether Short's record player was "the same object" which he had earlier noticed in accused's possession.

Short's record player was recovered by Air Police from George's Loan Company, Charleston, South Carolina. It has been pawned on January 23, 1962, under the name and address of "George Williams, 37 America Street."

We have many times pointed out that our review of the question of the sufficiency of the evidence to support the findings of guilty is one of law and not of fact. United States v Reid, 12 USCMA 497, 31 CMR 83; United States v Groom, 12 USCMA 11, 30 CMR 11; United States v Brand, 10 USCMA 437, 28 CMR 3. And the test which we must apply is "whether there is in the record some competent evidence from which the members of the court-martial were entitled to find beyond a reasonable doubt the existence of every element of the crime charged." United States v Guerra, 13 USCMA 463, 466, 32 CMR 463, 466. See also United States v O'Neal, 1 USCMA 138, 2 CMR 44.

Specification 2 of Charge I, the finding of guilty of which the accused contends is not supported by the evidence, alleges the theft of Airman Short's record player. We are satisfied that the proof, taken as a whole, is sufficient to have allowed the court members to infer that, at the time and place alleged, accused entered Short's room in Barracks S–464 and stole the record player. Thus, the record demonstrates that the item had in fact been taken; that accused was seen at the approximate time of the theft in the very barracks from which it was taken;

that he was seen leaving the building by the fire escape carrying an item resembling a record player; and that Short's record player was pawned by an individual giving a similar name and identical address to that used by the accused in pledging Bevington's record player. True it is that there is little or no direct evidence of accused's guilt, but the web of circumstances here depicted suffices as well to establish his culpability, and scrutiny of this record leads inevitably to the conclusion that there was a substantial basis for the fact finders' conclusion. Accordingly, we overrule the first assignment of error.

The second issue poses the basic question whether the specification of Charge II alleges an offense, in violation of Code, supra, Article 134. We are of the view that it does not.

The count avers, pertinently:

"In that Airman Basic HOPSON WILSON, JR., . . . did, at Charleston Air Force Base, South Carolina, on or about 10 April 1962, wrongfully and falsely alter with intent to deceive a certain instrument purporting to be a Character and Credit Reference slip in words and figure as follows:

"Request the Character and Credit reference on *Wilson, Hopson, Jr.,* of your organization, who has applied for a loan of *$250.00* from the CAB FEDERAL CREDIT UNION

Character—Favorable..X..
　　　　　　Unfavorable.....
Credit Reference—Favorable..X..
　　　　　　.Unfavorable...

"Also, there is no Court Martial, Anticipated Transfer, Control Roster action or Disciplinary action pending on this man.

"Do you have any knowledge of any obligations presently in ar-

rears; if so, what are they and in what amounts?
Signed /s/　　Colon Williams
　　　　　First Sergeant or
　　　　　Commander
"Return to the Credit Committee, CAB FEDERAL CREDIT UNION

he, the said Hopson Wilson, Jr., then well knowing the same to be altered."

The specification does not set forth the offense of forgery, as it does not allege the accused altered the slip in question with the requisite intent to defraud. Code, supra, Article 123, 10 USC § 923; United States v Ebarb, 12 USCMA 715, 31 CMR 301. Nor is there any averment it would apparently operate to the legal prejudice of another. United States v Strand, 6 USCMA 297, 20 CMR 13; United States v Farley, 11 USCMA 730, 29 CMR 546. Indeed, the entire position of the United States in its brief and upon oral argument before us is that the crime of forgery is not involved in this record.[1]

In like manner, the specification does not purport to set forth the offense of larceny by false pretenses. It does not allege that the accused, by means of the false alteration of the slip, obtained any property or even attempted to do so. Code, supra, Article 121; cf. United States v Autrey, 12 USCMA 252, 30 CMR 252; United States v Williams, 12 USCMA 683, 31 CMR 269. Nor is there any averment stating or implying the existence of the necessary intent to steal. Cf. United States v Caid, 13 USCMA 348, 32 CMR 348; United States v Roark, 12 USCMA 478, 31 CMR 64; United States v Geppert, 7 USCMA 741, 23 CMR 205.

Finally, there is no question here involving the allegation of a violation of Code, supra, Article 107, 10 USC § 907.

Essentially, then, we are left with the argument that the making by alteration of a written false pretense, with intent to deceive—standing alone—is

---

[1] It should be noted that we deal only with the narrow question of the sufficiency of the count to allege a violation of Code, supra, Article 134. Whether accused is shown by the evidence to have committed some other crime is immaterial to that issue, and we express no views thereon.

conduct which is directly prejudicial to good order and discipline or tends directly to bring discredit upon the armed forces. Cf. United States v Norris, 2 USCMA 236, 8 CMR 36; United States v Geppert, supra.

The mere making of some false instruments may constitute misconduct directly prejudicial to good order and discipline in the armed forces or directly reflecting discredit thereon. But, here, there is alleged only the making of a false character statement, which is not averred to have been communicated to anyone. Insofar as the pleadings are concerned, the accused kept the entire matter secret. Under these circumstances, nothing is set out in the specification from which it can be concluded that discipline was directly affected or that the services were directly discredited. Cf. United States v Addye, 7 USCMA 643, 23 CMR 107. As the Manual for Courts-Martial, United States, 1951, itself notes, at page 381:

"... An irregular or improper act on the part of a member of the military service can scarcely be conceived which may not be regarded as in some indirect or remote sense prejudicing discipline, but the article does not contemplate such distant effects and is confined to cases in which the prejudice is reasonably direct and palpable."

The findings of guilty of Charge II and its specification are set aside, and Charge II is ordered dismissed. The decision of the board of review is reversed, and the record of trial is returned to The Judge Advocate General of the Air Force. The board may reassess the sentence on the basis of Charge I and its specifications.

Chief Judge QUINN and Judge KILDAY concur.