UNITED STATES, Appellee

v

FLOYD M. VENERABLE, Seaman,
U. S. Navy, Appellant

19 USCMA 174, 41 CMR 174

No. 22,219

January 2, 1970

*Lieutenant Scott M. Feldman*, JAGC, USNR, argued the cause for Appellant, Accused.

*Lieutenant Colonel Charles J. Keever*, USMC, argued the cause for Appellee, United States. With him on the brief was *Captain Lester G. Fant, III*, USMCR.

## Opinion of the Court

DARDEN, Judge:

Following his pleas of guilty, the accused was convicted by a special court-martial convened at the United States Naval Station, Subic Bay, Philippines, for breaking restriction, in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934, and for two counts of absence without leave charged under Article 86, Code, supra, 10 USC § 886. His sentence, unchanged by appellate authorities, included a bad-conduct discharge, confinement at hard labor for four months, forfeiture of $90.00 per month for the same period, and reduction to the pay grade of E-1.

The two specifications alleging the unauthorized absences, identical except for dates and manner of termination, read:

"In that Seaman Floyd M. VENERABLE, U. S. Navy, U. S. Naval Station, Subic Bay, Philippines, did, on or about . . . [dates], without proper authority, absent himself from his unit, to wit: the USS CACAPON (AO–52), then located at Subic Bay, Philippines, and did remain so absent until . . . [apprehended] on or about . . . [dates], a period of about . . . [days], and he, the said VENERABLE, as the result of the said absence missed said ship when she sailed on . . . [dates]."

The question presented is whether congressional enactment of Article 87, Code, supra, 10 USC § 887, precludes the pleading of missing movement in a specification alleging the violation of Article 86 of the Uniform Code.

Article 87, Uniform Code of Military Justice, 10 USC § 887, provides:

"Any person subject to this chapter who through neglect or design misses the movement of a ship, aircraft, or unit with which he is required in the course of duty to move shall be punished as a court-martial may direct."

This Court considered the legislative history of Article 87 in United States v Thompson, 2 USCMA 460, 9 CMR 90, and in United States v Posnick, 8 USCMA 201, 24 CMR 11. The *Thompson* opinion contains these observations that are restated in *Posnick*:

"We may note at the outset that missing ship through neglect is an offense newly created by the Uniform Code of Military Justice. Under prior Navy law, 'missing

**175**

movement' required a positive intent to avoid particular shipboard service, and was charged as a violation of Article 22 of the Articles for the Government of the Navy, 34 USC § 1200, as conduct to the prejudice of good order and discipline. See CMO 3, 1916, page 7; CMO 141, 1918, page 16; CMO 4, 1935, page 6. Where the specific intent to avoid scheduled movement was not present, the fact of missing ship was alleged as a matter in aggravation to a charge of unauthorized absence. Naval Courts and Boards, 1937, Section 98, Footnote 33. There was no such offense as missing movement through neglect. The Army, under the Articles of War, recognized the offense of 'absenting himself with the intent to avoid maneuvers,' under Article 61, 10 USC § 1533. Manual for Courts-Martial, · US Army, 1949, paragraph 149. Mr. Felix Larkin, in testifying before the House subcommittee on Article 87 of the Uniform Code of Military Justice, 50 USC § 681, said: 'Now, I say that is new, Mr. Chairman. It really is an aggravated form of absence without leave, but the type of absence without leave which is specifically connected with the circumstance of missing a ship or a unit when it is about to move.' Hearings before House Committee on Armed Services, 81st Congress, 1st Session, on HR 2498, at page 1258." [United States v Thompson, supra, at pages 462–463.]

For a conviction of an accused for missing movement under Article 87, Code, supra, the Government must show both knowledge and either "design" or "neglect." Article 87, Code, supra, 10 USC § 887; United States v Jones, 1 USCMA 276, 3 CMR 10; United States v Thompson, supra; United States v Posnick, supra; paragraph 166, Manual for Courts-Martial, United States, 1951.

The Government's argument in support of the procedure followed in this case is that allegations of aggravating facts are permissible under paragraphs 28a(3), 70a, and 75b(3), Manuals for Courts-Martial, 1951, and 1969 (Revised edition); United States v Grossman, 2 USCMA 406, 9 CMR 36; United States v Marine, 17 USCMA 460, 38 CMR 258; United States v King, 12 USCMA 71, 30 CMR 71; and Cason v State, 160 Tenn 267, 23 SW2d 665 (1930).

Two members of the then Navy board of review decided the issue adversely to the accused by citing the declaration in Burton[1] that:

" '. . . we know of no authority for extending the preemption doctrine to pure matter in aggravation, which is not pleaded so as to allege two offenses in one specification.' "

In a lengthy and perspicacious concurring/dissenting opinion in United States v Burton, NCM 69-0357, decided March 3, 1969, the then Member, later Judge, Faw traced the legislative history of Article 87 and concluded that it had preempted the entire field of missing movement offenses. In that case Member Faw commented: "I see no specific prejudice to this accused. It is only the cause of military justice which suffers." Of the practice of alleging missing movement as a matter in aggravation of an offense of absence without leave under Article 86 of the Uniform Code, he reasoned that: "[I]t was nothing more than an attempt to convict and punish the accused for missing movement without pleading or proving either the Congressional safeguard of 'neglect' or the Presidential and Judicial safeguard of knowledge of the movement."

In the instant case Venerable's first absence began December 5, 1968; his ship departed on December 7, 1968. His second absence started December 21, 1968; the ship left on December 22, 1968. There is no indication that he missed the movement of the ship in either case through design or neglect or that he had knowledge of the planned movement of the ship.

---

[1] United States v Burton, NCM 69-0357, March 3, 1969.

The case was tried by a special court-martial instead of a general court-martial. If the two specifications of absence without leave had been tried by a general court-martial the maximum sentence imposable would have been eighteen months of confinement at hard labor, a dishonorable discharge, and total forfeitures. The maximum sentence for a special court-martial is confinement at hard labor for six months, forfeiture of two-thirds pay a month for six months, and a bad-conduct discharge. Inclusion of his having missed the movement of the ship in the specifications hardly could have prejudiced him in this instance, even if the language of such a specification tended to influence the court to award him the maximum sentence that a special court-martial can impose. Venerable pleaded guilty to the specifications. He had the benefit of qualified counsel. There is no suggestion that he was misled by the drafting of the charges. Since the sentence limits of the court-martial were so much lower than those he could have received for only the absence without leave offenses, without any reference to the missing movement in aggravation, we are unable to conclude that he was prejudiced. We nonetheless disapprove the practice of pleading missing movement in a specification alleging violation of Article 86. If an accused misses movement through design or neglect and has knowledge of the movement, he should be charged under Article 87. Sanctioning the practice followed in this case would tend to cause Article 87 of the Code to become a useless appendage. More important, we believe that in other circumstances this procedure could materially prejudice the rights of an accused.

The decision of the board of review is affirmed.

Judge FERGUSON concurs.

QUINN, Chief Judge (concurring in the result):

Since the charge was referred to a special court-martial for trial, the maximum punishment is limited to that authorized for special court-martial by Article 19, Uniform Code of Military Justice, 10 USC § 819, not that specified for the offense in the Table of Maximum Punishments, Manual for Courts-Martial, United States, 1969, paragraph 127c, section A. Consequently, it is inappropriate to justify a conclusion that the punishment imposed upon the accused was lenient by comparison with the punishment prescribed by the Table of Maximum Punishments rather than the jurisdictional limits of punishment for a special court-martial. United States v Green, 11 USCMA 478, 29 CMR 294; United States v Larsen, 11 USCMA 555, 29 CMR 371.

So far as the issue as to missing movement is concerned, it is clear from the record that the allegations in the specification were not intended to allege, and are actually insufficient to allege, missing movement as a separate offense. Of course, if missing movement had been alleged as a separate offense, the specification would have been duplicitous, but the error in pleading would not justify reversal if the accused had not moved for appropriate relief or there was no apparent prejudice by reason of the joinder of two offenses in a single specification. United States v Calhoun, 5 USCMA 428, 18 CMR 52; cf. United States v Paulk, 13 USCMA 456, 32 CMR 456. It is apparent that the references to missing movement were intended to constitute aggravating matter. Special harm resulting from an act of misconduct may properly be considered in assessment of the sentence. For example, if, without justification or excuse, Mary slapped John in the face, her act would constitute a simple battery for which she might appropriately be placed on probation; however, if the tip of one of her fingers had bruised John's eye causing an infection resulting in loss of the eye, the consequence of her battery would reasonably justify more severe punishment than probation. I do not, therefore, agree with the implication in the principal opinion

that in a prosecution for unauthorized absence it is improper for the Government to present evidence to the effect that the unauthorized absence resulted in missing the movement of a ship so that the vessel was without full complement of personnel.

Matter in aggravation of an offense is not an element of the offense and, therefore, is not normally set out in the specification. See Manual for Courts-Martial, supra, paragraph 28. In certain cases, the maximum penalty for the offense may depend upon proof of a particular act of aggravation; then the fact of aggravation must be pleaded and proved. Typical of this class are desertion terminated by apprehension and larceny of property in a specified amount. Unauthorized absence, however, carries a single penalty, that is, the maximum is the same whatever the circumstances of aggravation. Consequently, while I disagree with my brothers as to the admissibility of evidence of aggravation in the form of proof that the unauthorized absence resulted in the accused's missing the movement of his ship, I agree with them that the aggravating matter should not be alleged in the specification. With these reservations, I concur in the result reached in the principal opinion.