UNITED STATES, Appellee

v

ROGELIO N. BOBADILLA, Stewardsman,
U. S. Navy, Appellant

19 USCMA 178, 41 CMR 178

No. 22,449

January 2, 1970

*Captain Michael I. Walling*, USMCR, was on the pleadings for Appellant, Accused.

*Lieutenant Colonel Charles J. Keever*, USMC, was on the pleadings for Appellee, United States.

## Opinion of the Court

DARDEN, Judge:

Pursuant to his plea of guilty, the accused was tried and convicted by a special court-martial at the United States Naval Station, Subic Bay, Philippines, for absence without leave, in violation of Article 86, Uniform Code of Military Justice, 10 USC § 886. The single specification under the Charge reads:

"In that Stewardsman Rogelio N. BOBADILLA, U. S. Navy, U. S. Naval Station, Subic Bay, Philippines, did, on or about 11 February 1969, without authority, absent himself from his unit, to wit: the USS HANCOCK (CVA–19) then located at Subic Bay, Philippines, and did remain so absent until on or about 7 April 1969, a period of about 55 days, and he, the same BOBADILLA, *as the result of said absence missed said ship when she sailed on 12 February 1969.*" [Emphasis supplied.]

We granted review to consider whether congressional enactment of Article 87, Uniform Code of Military Justice, 10 USC § 887, precludes the pleading of missing movement in a specification alleging the violation of Article 86.

Specifications containing a phrase identical to the one emphasized above, except for the date, caused this Court to entertain the same question in United States v Venerable, 19 USCMA 174, 41 CMR 174. In that case the presence of nonprejudicial error resulted in our affirmance of the board of review opinion. We view this case in the same way.

It does not appear that Bobadilla was misled by the erroneous addition to the pleadings. Cf. United States v Johnson, 3 USCMA 174, 11 CMR 174; United States v Venerable, supra. His conviction is therefore valid. But we do not condone the procedure followed. Unlike the length of an unauthorized absence, the value of an article stolen, or the manner in which a desertion is terminated, the *fact* of missing movement authorizes no increase in the permissible maximum punishment for absence without leave. See Table of Maximum Punishments, paragraph 127*c*, Manual for Courts-Martial, United States, 1969 (Revised edition). Under these circumstances, the *fact* of missing movement is an erroneous addition to the pleading. Consequently, we expect the practice to cease.

The sentence imposed in this instance, unchanged by reviewing authorities, consists of a bad-conduct discharge, confinement at hard labor for three months, and reduction to the pay grade of E–1. We believe the court-martial sentence was not more severe than it would have been if there had been no reference to missing movement. Cf. United States v Venerable, supra. Accordingly, we affirm the decision of the Court of Military Review.

Judge FERGUSON concurs.

Chief Judge QUINN concurs in the result.