UNITED STATES, Appellee

v

BOBBY M. CRAWFORD, Airman Basic,
U. S. Air Force, Appellant

21 USCMA 252, 45 CMR 26

No. 24,347

March 17, 1972

*Lieutenant Colonel Norman L. Paul* argued the cause for Appellant, Accused. With him on the brief were *Colonel George M. Wilson* and *Colonel Bertram Jacobson.*

*Colonel Henry R. Lockington* argued the cause for Appellee, United States. With him on the brief were *Colonel James M. Bumgarner* and *Major A. Fred Freedman.*

Opinion of the Court

DUNCAN, Judge:

Airman Basic Bobby M. Crawford was apprehended at the American Express Bank at Kadena Air Base, Okinawa, on July 31, 1970, after attempting to cash a check the amount of which had been raised from $21.00 to $521.00.

At a special court-martial, the appellant pleaded not guilty, but was found guilty of forgery, in violation of Article 123, Uniform Code of Military Justice, 10 USC § 923. He was sentenced to a bad-conduct discharge, which sentence has not been altered by intermediate reviewing authorities.

Our review is to determine whether there is sufficient evidence of record to support the conviction. We find that the evidence is sufficient.

On July 30, 1970, Sergeant Roscoe and Airman First Class James, both serving at the Pay and Collection Section of Base Finance, observed Crawford's paycheck to be in the amount of $21.00. At the close of duty hours the appellant's paycheck, along with others, was locked in a safe in the squadron orderly room; the door of the room was then locked.

The Government's evidence tends to show that the next morning either Sergeant Roscoe or Sergeant Mash, the acting first sergeant, removed the checks from the safe. The key to the safe was kept in Sergeant Roscoe's

252

desk. Four of those who worked in the orderly room knew the location of the key and had access to the safe. Only Sergeant Roscoe, Sergeant Mash, and Sergeant Turpening had keys to the office where the safe was.

Crawford stated that he picked up his check between 10:30 and 11:00 a.m. on July 31, 1970, and that it was presented to him by Sergeant Turpening, who at time of trial had been reassigned and did not testify. The appellant went to the American Express Bank and presented for cashing a check in the amount of $521.00. At that time, the teller testified that although the check appeared to be drawn in the amount of $521.00, by checking with a master card form, she discovered that the actual amount of the check was $21.00.

In conversation with the bank manager, Crawford explained the amount of the check as "back pay." A call to the air police by the bank manager resulted in appellant's apprehension.

In defense, Crawford related that prior to this incident he had been in correctional custody; that while confined his personal belongings were stored; and that upon discharge from confinement he discovered they had been thrown away. He then made a claim against the Government setting forth that the original value of the items was $546.00, and that the value at the time of loss was $461.45. Subsequently, after trial the claim was paid to him in the amount of $375.90. The appellant testifying stated that he thought the $521.00 check as presented for payment was attributable to the Government's payment of his claim for the loss of his personal possessions. Crawford stated that there were persons in his unit who bore ill will toward him who might have altered the check, although no person was named.

In United States v Showalter, 15 USCMA 410, 412, 35 CMR 382 (1965), we dealt with the peculiar elements of the offense of forgery citing a number of cases and authorities reiterating the well-accepted principle that " ' "[T]he defendant's possession of the forged paper was strong evidence tending to prove that he forged it, or caused it to be forged," citing Roscoe's Criminal Evidence (2d Ed.) 453.' " We appreciate the logic of *Showalter;* however, appellant urges that unlike *Showalter,* in the case at bar, the Government's proof is insufficient in failing to show that the instrument was unaltered when received by Crawford.

In United States v Papenheim, 19 USCMA 203, 205, 41 CMR 203 (1970), it is stated in part as follows:

"The test to be applied in determining the sufficiency of the evidence is whether there is, in the record, some competent evidence from which the members of the court-martial were entitled to find beyond a reasonable doubt, the existence of every element of the offense charged. United States v Wilson, 13 USCMA 670, 33 CMR 202 [1963]; United States v Guerra, 13 USCMA 463, 32 CMR 463 [1963]."

We believe that there is sufficient evidence of continuity of the exclusive possession of Crawford's check in the amount of $21.00 by authorized personnel until it was received by him. Admittedly, the Government has not produced evidence which eliminated all possibility that the check could have been altered prior to presentment to appellant. The quality of circumstantial evidence necessary to convict is high, and we think rightfully so. Conversely, this standard is not so stringent that all possibility of conclusions other than those urged by the litigant offering such evidence need be dispelled. In the instant case reasonable minds could conclude from the evidence that the instrument was unaltered when received by Crawford.

The evidence indicates that after the check came into the appellant's possession, it remained so until he attempted to cash it. This possession of an instrument found to have been forged here, as in *Showalter,* is " ' "strong evidence tending to prove

**253**

that he forged it, or caused it to be forged." ' "

We find sufficient evidence of record to support the conviction.

The decision of the Court of Military Review is affirmed.

Chief Judge DARDEN and Judge QUINN concur.