## UNITED STATES

v.

**Staff Sergeant Jeffrey G. GAMMILL, FR 587–08–8298 United States Air Force.**

**ACM 23398.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 18 Dec. 1981.

Decided 13 July 1982.

---

Appellate Counsel for the Accused: Colonel George R. Stevens, Major Douglas H. Kohrt and Captain Patrick A. Tucker, USAFR.

Appellate Counsel for the United States: Lieutenant Colonel Bruce R. Houston and Captain Richard O. Ely, II.

Before HODGSON, POWELL and MILLER, Appellate Military Judges.

## DECISION

### DECISION AND ACTION UPON PETITION FOR NEW TRIAL

HODGSON, Chief Judge:

Tried by a general court-martial with members, the accused was convicted, pursuant to his pleas, of absence without leave, and, despite his pleas, of larceny in excess of $5,000.00, in violation of Articles 86 and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 886 and 921. He was sentenced to a dishonorable discharge, three years' confinement at hard labor, forfeiture of $367.00 per month for three years, and redution to airman basic.

### I

The accused was the assistant manager of the Blytheville Air Force Base Non-Commissioned Officers Club. Only three people were authorized access to the safe and knew the combination: Master Sergeant Lukens, club manager, Master Sergeant Morgan, night manager, and the accused.

Morgan closed the Club at about 0300 hours on Sunday, 30 August 1981. He placed the day's receipts in the safe and locked it. He verified with the security police that the alarm was set. The alarm was activated at 0304 hours.

At approximately 0445 hours that same morning, the accused telephoned the security police desk and asked that the alarm be turned off. He indicated he needed to open the safe to prepare a bank deposit slip so he could take leave early that morning. The alarm was deactivated at 0448 hours and apparently remained so until 2300 hours.

The accused was expected to open the Club at 1030 hours that same morning. When he did not appear, Lukens was notified. He came to the Club at approximately 1100 hours. After asking that the alarm be turned off, Lukens opened both safes. The only money in either safe was $60.00 in marked currency. An audit disclosed that funds in excess of $5,000.00 were missing.

Both Morgan and Lukens denied taking the money; the accused, in a pretrial statement, also denied any part in the theft. The accused absented himself without authority on 30 August and remained in that status until 2 October 1981, when he was apprehended in Las Vegas, Nevada.

At trial and on appeal the accused contends the evidence is insufficient in fact and law to support a finding of guilty. He maintains that at least two others, i.e., Morgan and Lukens, had the opportunity to take the money; he further argued that his actions in telling the security police he wanted access to the safe was totally inconsistent with the conduct of a thief.

■ An accused's guilt may be established by circumstantial evidence. *United States v. Wilson*, 32 C.M.R. 872 (A.F.B.R. 1962); rev'd on other grnds, 13 U.S.C.M.A. 670, 33 C.M.R. 202 (1963). Further, the standard of proof in a circumstantial evidence case is no higher than that required in a direct evidence one. *United States v. Carver*, 12 M.J. 581 (A.F.C.M.R.1981). The evidence of the accused's guilt, while circumstantial, is nevertheless compelling. His patently false story to gain access to the money and his flight immediately thereafter are damning indications of his culpability. We are convinced beyond a reasonable doubt that the accused is guilty of larceny. *United States v. Harris*, 6 U.S.C.M.A. 736, 21 C.M.R. 58 (1956); *accord United States v. Smith*, 10 C.M.R. 595 (A.F.B.R. 1953); *pet. denied* 11 C.M.R. 248 (C.M.A. 1953).

## II

The Government alleged that the money taken was the property of the United States; proof at trial indicated it was the property of the Non-Commissioned Officers Club, a nonappropriated fund instrumentality of the United States. The accused contends this difference is a fatal variance.

■ We disagree. A variance is immaterial where the accused is not misled or handicapped in his defense and a conviction or acquittal would be a bar to further prosecution for the same acts. These tests are met herein and, accordingly, the variance as to ownership of the funds was not fatal. *United States v. McCullah*, 8 M.J. 697 (A.F. C.M.R.1980); *United States v. Harrigan*, 1 M.J. 550 (A.F.C.M.R.1975); *United States v. Rexach*, 40 C.M.R. 488 (A.B.R.1969).

## III

■ To support his petition for a new trial, the accused offers the affidavit of Milton Mosley, a janitor at the Club. In his affidavit, Mr. Mosley asserts that Lukens arrived at the Club approximately 1030 hours that Sunday morning, not at 1100 hours as Lukens testified. The accused maintains this variance creates substantial doubt as to Lukens' testimony and justifies a new trial. We find nothing in Mosley's statement to warrant a new trial. Lukens gained access to the safe at 1100 hours, which was the time he asked the security police to turn off the alarm. We also note that some animosity may exist between Mosley and Lukens as Lukens discharged Mosley some 10 days later when Mosley failed to report to work. In accordance with the foregoing, the Petition for New Trial is DENIED. *United States v. Bacon*, 12 M.J. 489 (C.M.A.1982); *accord, United States v. Aubin*, 13 M.J. 623 (A.F.C.M.R. 1982). The findings of guilt and the sentence are correct in law and fact and are

AFFIRMED.

POWELL, Senior Judge, and MILLER, Judge, concur.