CRAWFORD, Chief Judge
(dissenting):
Appellant waived double jeopardy by appealing his conviction, and thereby allowing the Government to begin its case anew. Moreover, Appellant waived the issues of duplicity and ambiguity by failing to object to duplicitous pleadings, the judge’s misleading instruction to the members, and the ambiguous verdict. This Court should not reward Appellant on grounds he deliberately chose to ignore, and therefore waived. This Court should return the case for rehearing to determine the specific occasion on which Appellant used drags.
The double jeopardy clause has a threefold purpose: “It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.” North Carolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). Certainly, the policy of avoiding multiple trials is of paramount importance in the judicial system.
Nevertheless, the Supreme Court has granted exceptions to the one-trial rule, acknowledging that the defendant waives his double jeopardy claim by appealing his conviction. United States v. Wilson, 420 U.S. 332, 344 n. 11, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975); Green v. United States, 355 U.S. 184, 189, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957). To be sure, this principle promotes the sound administration of justice.
It would be a high price indeed for society to pay were every accused granted immunity from punishment because of any defect sufficient to constitute reversible error in the proceedings leading to conviction. From the standpoint of a defendant, it is at least doubtful that appellate courts would be as 2;ealous as they now are in protecting against the effects of improprieties at the trial or pretrial stage if they knew that reversal of a conviction would put the accused irrevocably beyond the reach of further prosecution. In reality, therefore, the practice of retrial serves defendants’ rights as well as society’s interest.
United States v. Tateo, 377 U.S. 463, 466, 84 S.Ct. 1587, 12 L.Ed.2d 448 (1964). This exception applies to this case. Appellant waived his right to a double jeopardy claim by appealing his conviction, and cannot now avoid a rehearing on double jeopardy grounds. See Sattazahn v. Pennsylvania, 537 U.S. 101, 123 S.Ct. 732, 154 L.Ed.2d 588 (2003)(finding that where a defendant is convicted of murder and sentenced to life imprisonment, but appeals the conviction and succeeds in having it set aside, double jeopardy does not bar death sentence on retrial).
Moreover, notwithstanding the judge’s error, defense counsel was obligated to be vigi *398 lant of potential error at trial, and to object to such error so that it may be corrected immediately. Rule for Courts-Martial 905(e)[hereinafter R.C.M.] establishes that “[mjotions, requests, defenses, or objections, except lack of jurisdiction or failure of a charge to allege an offense, must be raised before the court-martial is adjourned for that case and, unless otherwise provided in [the Manual for Courts-Martial, United States (2002 ed.)], failure to do so shall constitute waiver.” (Emphasis added.) The waiver doctrine aims “to prevent defense counsel from remaining silent, making no objection, and then raising the issue on appeal for the first time, long after any possibility of curing the problem has vanished.” United States v. Causey, 37 M.J. 308, 311 (C.M.A.1993). Certainly, “[i]f an individual is permitted not to object and then can raise the issue on appeal, both the parties and the public are put to the expense of retrial.” United States v. Jones, 37 M.J. 321, 323 (C.M.A.1993).
R.C.M. 307(e)(4) requires that “[e]ach specification shall state only one offense.” When a specification states more than one offense, it is improperly duplicitous. See R.C.M. 906(b)(5) and discussion. Yet, upon learning of his duplicitous charge of drug use on “divers occasions,” Appellant failed to move for a bill of particulars or to limit duplicitous pleadings. See United States v. Paulk, 13 C.M.A. 456, 458, 32 C.M.R. 456, 458 (1963)(noting the need for particularization when pleadings are duplicitous). He likely did so rather than running the risk of the severance into several distinct specifications that could have yielded an increased sentence. Moreover, a verdict must be certain, definite, and free from ambiguity. United States v. Dilday, 47 C.M.R. 172, 173 (A.C.M.R.1973). Yet, upon hearing the judge’s misleading instruction to the members, and the resulting ambiguous verdict of drug use on “one occasion,” Appellant failed to object. In short, because Appellant chose to remain silent and exploit the benefits of the duplicitous pleadings, misleading instruction, and ambiguous verdict, he waived the issue on appeal.
It is significant that this Court has applied waiver when defense counsel has failed at trial to raise the issue of an unreasonable multiplication of charges. See United States v. Butcher, 56 M.J. 87, 93 (C.A.A.F.2001). In a multiplicity context, there is strong incentive for defense counsel to object, and therefore for the error to be resolved expeditiously, as the accused may be subject to a greater punishment were the multiplicitous charge to stand. On the contrary, in a duplicity context, defense counsel may be motivated not to object, as it is the duplicitous charge — not the amended, severed charge— that would afford the accused a more favorable sentence. If this Court will apply waiver in a multiplicity context, it clearly should do so in a duplicity context, where there is an even greater risk that the error will survive the trial without resolution. In short, because Appellant appealed his conviction, he cannot now avoid a rehearing on double jeopardy grounds. Moreover, Appellant’s deliberate silence at trial in the face of duplicitous pleadings, the judge’s erroneous instruction, and an ambiguous verdict waived his opportunity to obtain relief on those grounds. Accordingly, this Court should remand the case for rehearing to determine on which occasion Appellant did use drugs.
For these reasons, I respectfully dissent from the lead opinion.