UNITED STATES, Appellee

v.

Jeremy L. RAUSCHER, Machinist's Mate Second Class
U.S. Navy, Appellant

No. 12-0172

Crim. App. No. 201100684

United States Court of Appeals for the Armed Forces

Argued May 16, 2012

Decided June 18, 2012

PER CURIAM


Counsel


For Appellant:  Captain Michael D. Berry, USMC (argued).


For Appellee:  Captain David N. Roberts, USMC (argued); Colonel
Kurt J. Brubaker, USMC, Lieutenant Benjamin J. Voce-Gardner,
JAGC, USN, and Brian K. Keller, Esq. (on brief).


Military Judge:  J. Kirk Waits


THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.

PER CURIAM:

Appellant was charged under Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934 (2006), with assault with intent to commit murder but convicted, contrary to his pleas, of assault with a deadly weapon or other means or force likely to produce death or grievous bodily harm, under Article 128, UCMJ, 10 U.S.C. § 928 (2006). We granted review to consider whether "aggravated assault is a lesser included offense of an Article 134 specification that fails to allege the terminal element" -- that Appellant's conduct was prejudicial to good order and discipline or was of a nature to bring discredit upon the armed forces. We hold that Appellant was convicted of an offense that was alleged in the charged specification. We affirm the judgment of the United States Navy-Marine Corps Court of Criminal Appeals (CCA).

## I.  Background

After becoming intoxicated during shore liberty, Appellant became embroiled in arguments with some shipmates. He cut and stabbed one and assaulted several who were trying to bring Appellant under control. Contrary to his pleas, Appellant was convicted by court members of willfully disobeying the order of a petty officer; wrongfully using provoking words; and various assaults, batteries, and aggravated assault. Articles 91, 117, and 128, UCMJ, 10 U.S.C. §§ 891, 917, 928 (2006). The convening

2

authority approved the adjudged sentence:  a bad-conduct discharge, confinement for nine months, and reduction to the lowest enlisted grade.  The CCA affirmed.  United States v. Rauscher, No. 201000684, 2011 CCA LEXIS 165, at *8—*9, 2011 WL 4505922, at *3 (N-M. Ct. Crim. App. Sept. 27, 2011).

## II.  The Specification and Trial

A fundamental purpose of a specification is "to provide notice to an accused as to the matters against which he must defend."  United States v. Wilkins, 29 M.J. 421, 424 (C.M.A. 1990); see Russell v. United States, 369 U.S. 749, 767 (1962).  Appellant was charged with assault with intent to commit murder, a violation of Article 134, UCMJ, as follows:

> In that [Appellant], on active duty, did, . . . on or about 29 March 2010, with the intent to commit murder, commit an assault upon Machinist's Mate Second Class Petty Officer [JD], U.S. Navy, by stabbing him in the hand and chest with a knife.

The military judge instructed the members on the offense of assault with intent to commit murder.  At the request of both parties, the military judge also instructed the members on the offense of assault with a dangerous weapon or other means or force likely to produce death or grievous bodily harm, under Article 128, UCMJ, and that is what he was convicted of.  The elements of that offense are:

> (i) That the accused attempted to do, offered to do, or did bodily harm to a certain person;

3

(ii) That the accused did so with a certain weapon, means, or force;

(iii) That the attempt, offer, or bodily harm was done with unlawful force or violence; and

(iv) That the weapon, means, or force was used in a manner likely to produce death or grievous bodily harm.

United States v. Dacus, 66 M.J. 235, 238 (C.A.A.F. 2008) (citing Manual for Courts-Martial, United States pt. IV, ¶ 54.b.(4)(a) (2005 ed.)).

Whether a specification states an offense is a question of law we review de novo.  United States v. Crafter, 64 M.J. 209, 211 (C.A.A.F. 2006).  Even if we assumed that the specification was defective in alleging an assault with intent to commit murder, we are convinced that the specification clearly alleges every element of the offense of assault with a dangerous weapon or means or force likely to produce death or grievous bodily harm, the offense he was convicted of:[1]

(1)  Appellant did bodily harm to JD -- stabbing him in the hand and chest;

---

[1]   In order to determine whether an indictment charges an offense against the United States, designation by the pleader of the statute under which he purported to lay the charge is immaterial.  He may have conceived the charge under one statute which would not sustain the indictment but it may nevertheless come within the terms of another statute.

United States v. Hutcheson, 312 U.S. 219, 229 (1941).

    (2)  He did so with a certain weapon, means, or force -- a knife;

    (3)  The bodily harm was done with unlawful force or violence -- without authorization or justification; and

    (4)  The weapon, means, or force was used in a manner likely to produce death or grievous bodily harm -- stabbing JD in the chest.

The specification clearly placed Appellant on notice of that against which he had to defend.  The Government's theory of the case from beginning to end was that Appellant stabbed the victim with a tactical knife in the hand and chest.  Appellant defended against this theory throughout the trial.  Appellant proposed instructions for the Article 128 offense and did not object to the instructions given by the military judge.  In closing, defense counsel even asked the panel to "closely look" at Article 128 because "that's much more aligned with what happened."  Through these actions, Appellant demonstrated that he was on notice, and his "substantial right to be tried only on charges presented in [a specification]" was not violated. Stirone v. United States, 361 U.S. 212, 217 (1960).

IV.

The judgment of the United States Navy-Marine Corps Court of Criminal Appeals is affirmed.