# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, GALLAGHER, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Second Lieutenant JAMES O. MORRIS**
**United States Army, Appellant**

ARMY 20081169

Headquarters, Fort Lewis
John M. Head and Donna Wright, Military Judges
Colonel Jeffrey C. McKitrick, Staff Judge Advocate (pretrial)
Colonel Mitchell R. Chitwood, Staff Judge Advocate (post-trial)

For Appellant: Colonel Mark Tellitocci, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Peter Kageleiry, Jr., JA; Captain Barbara A. Snow-Martone, JA (on brief).

For Appellee: Colonel Michael E. Mulligan, JA; Major Amber J. Williams, JA; Major Ellen S. Jennings, JA; Captain Edward J. Whitford, JA (on brief).

20 September 2012

---------------------------------------------------
SUMMARY DISPOSITION ON REMAND
---------------------------------------------------

Per Curiam:

A panel of officers sitting as a general court-martial convicted appellant, contrary to his pleas, of rape and conduct unbecoming an officer and gentleman, in violation of Articles 120 and 133, Uniform Code of Military Justice, 10 U.S.C. §§ 920, 933 (2000) [hereinafter UCMJ]. Appellant was also convicted, contrary to his plea, of assault consummated by a battery in violation of Article 128, UCMJ, as a lesser included offense of indecent assault in violation of Article 134, UCMJ. The panel sentenced appellant to a dismissal from service, two years of confinement, and forfeiture of all pay and allowances. The convening authority approved the adjudged sentence and credited appellant with twenty days of confinement against his sentence to confinement.

On 3 October 2011, we issued a decision in this case, summarily affirming the findings of guilty and the sentence. On 10 July 2012, our superior court reversed our decision as to Charge IV, its specification, and the sentence and returned the record of trial to The Judge Advocate General of the Army for remand to this court for further consideration in light of *United States v. Rauscher*, 71 M.J. 225 (C.A.A.F. 2012). Our decision as to the remaining charges and specifications was affirmed. *United States v. Morris*, 71 M.J. ___ (C.A.A.F. 10 July 2012). Consequently, appellant's case is again before this court for review under Article 66, UCMJ.

The indecent assault specification, with which appellant was charged but not convicted, failed to allege the terminal element of Article 134, UCMJ; namely, that appellant's conduct was to the prejudice of good order and discipline or of a nature to bring discredit on the armed forces. Assuming, *arguendo*, the specification was defective in alleging an indecent assault under Article 134, UCMJ, the specification at issue did allege every element of an assault consummated by battery in violation of Article 128,UCMJ, the offense of which appellant was ultimately convicted.[*]

"The elements for an assault consummated by a battery are: '(1) that the accused did bodily harm to a certain person, and (2) that the bodily harm was done with unlawful force or violence.'" *United States v. Bonner*, 70 M.J. 1, 3 (C.A.A.F. 2011) (citation omitted), *see* MCM, 2008, pt. IV, ¶ 54(b)(2). The military judge correctly listed, defined, and instructed the members on those above elements.

"In order to determine whether an indictment charges an offense against the United States, designation by the pleader of the statute under which he purported to lay the charge is immaterial. He may have conceived the charge under one statute which would not sustain the indictment but it may nevertheless come within the terms of another statute." *United States v. Hutcheson*, 312 U.S. 219, 229 (1941). *See Rauscher*, 71 M.J. at 226, n.1. In this case, every element of the offense of assault consummated by battery is alleged in the specification. Accordingly, the "specification clearly placed Appellant on notice of that against which he had to defend." *Id*. at 226–27.

---

[*] The specification alleged, "In that Second Lieutenant (O-1) James O. Morris, U.S. Army, did, at or near Spanaway, Washington, on or about 14 May 2004, commit an indecent assault upon Ms. JB, a person not his wife by touching her breasts and buttocks, with intent to gratify his lust and sexual desires."

MORRIS—ARMY 20081169

## CONCLUSION

On consideration of the entire record, and in light of *United States v. Rauscher*, 71 M.J. 225 (C.A.A.F. 2012), we hold the findings of guilty to the Specification of Charge IV and Charge IV correct in law and fact. Accordingly, those findings of guilty and the sentence are again AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

3