# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS

## UNITED STATES

### v.

## Kenya BERNARD
### Yeoman Second Class (E-5), U.S. Coast Guard

## CGCMG 0262

## Docket No. 1328

## 2 November 2012

General Court-Martial convened by Commander, Maintenance and Logistics Command Atlantic. Tried at Norfolk, Virginia, on 22 September, 13 November, and 4, 16-19 December 2008; post-trial Article 39(a) sessions on 16 March and 6 April 2009.

| | |
|---|---|
| Military Judge: | CAPT David L. Bailey, JAGC. USN |
| Trial Counsel: | LT Kelly C. Blackburn, USCGR |
| Assistant Trial Counsel: | LCDR Janine E. Donovan, USCG |
| Defense Counsel: | LT Paul D. Jenkins, JAGC, USN |
| Assistant Defense Counsel: | LT Maryann M. Bridges, JAGC, USN |
| Appellate Defense Counsel on remand: | CPT Michael D. Berry, USMC |
| Appellate Government Counsel on remand: | LT Amanda M. Caprari Lee, USCG |

**BEFORE**
**McCLELLAND, McGUIRE & JOHNSON**
Appellate Military Judges

McCLELLAND, Chief Judge:

Appellant was tried by general court-martial composed of officer and enlisted members. Contrary to his pleas, Appellant was convicted of two specifications of wrongful sexual contact, in violation of Article 120, Uniform Code of Military Justice (UCMJ); one specification of assault, in violation of Article 128, UCMJ; and one specification each of indecent assault and indecent language, in violation of Article 134, UCMJ. The court sentenced Appellant to restriction for two months, reduction to E-3, and a bad-conduct discharge. The Convening Authority approved the sentence except for the restriction.

On 21 December 2010, this Court issued its opinion on this case under Article 66, UCMJ, affirming the findings of guilty and the sentence. *United States v. Bernard*, 69 M.J. 694 (C.G.Ct.Crim.App. 2010). On 21 September 2011, the Court of Appeals for the Armed Forces vacated our decision and remanded the case for reconsideration in light of *United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011).

On remand, Appellant raises the following issues:

I. Do Specifications 1 and 3 of Charge II state an offense?

II. Is Appellant's conduct legally and factually sufficient to support a conviction for wrongful sexual contact, as defined in Article 120(m), UCMJ?

III. This Court cannot conduct its Article 66, UCMJ, review of Appellant's convictions under Specifications 1 and 3 of Charge II because it cannot know whether the members convicted Appellant of an Article 134, UCMJ, Clause 1 or Clause 2 offense.

IV. Appellant's convictions under Specifications 1 and 3 of Charge II are factually insufficient because the Government offered no evidence of the terminal element of Article 134, UCMJ.

We reject the second issue summarily, as we did when the case was before us the first time. We discuss the first issue and grant relief; we do not reach the third and fourth issues.

Appellant was convicted of two specifications under Article 134, UCMJ, that include no "terminal element" (i.e., prejudice to good order and discipline, service discredit, or a "crime or offense not capital"). This raises an issue. *See United States v. Fosler*, 70 M.J. 225, 233 (C.A.A.F. 2011) (in a specification under Article 134, "the terminal element must be set forth . . . ."). Specification 1 of Charge II alleges indecent assault against a Coast Guard petty officer in 2004. Specification 3 of Charge II alleges indecent language communicated to a different Coast Guard petty officer in 2007.

Fundamentally, a specification must allege every element of the charged offense expressly or by necessary implication. Rule for Courts-Martial (R.C.M.) 307(c)(3), Manual for Courts-Martial, United States (2008 ed.); *Fosler*, 70 M.J. at 229. A charge or specification that is defective because it fails to allege an element of an offense, if not raised at trial, is tested for plain error. *United States v. Ballan*, 71 M.J. 28, 34 (C.A.A.F. 2012). For plain error, there must be material

prejudice to a substantial right as well as plain or obvious error. *Id.* (citing *United States v. Girouard*, 70 M.J. 5, 11 (C.A.A.F. 2011)). A conviction of a defective specification implicates the Constitutional right to notice. *United States v. Humphries*, 71 M.J. 209, 215 (C.A.A.F. 2012). It hardly needs to be said that the right to notice is a substantial right.

The two specifications at issue here do not allege a terminal element. This was plain and obvious error. *Id.* at 214 (citing *Ballan* and *Fosler*). No objection was raised at trial to the sufficiency of the specifications. Accordingly, we apply the plain error standard to determine whether a remedy is required. Given the plain and obvious error, the question is whether notice of the missing element can be found in the trial record, so as to negate prejudice to the Constitutional right to notice.[1]

In this record, reference to the terminal elements of prejudice to good order and discipline and service discredit is found first in instructions given before opening statements, in which the military judge defined various terms used in the specifications or otherwise needed. Although he did not give the full elements of the offenses, he did inform the members that, for each specification under Article 134, for the offense to be proven, the conduct must be prejudicial to good order and discipline or service-discrediting, and he defined those terms. (R. at 423, 425-26.)

The Government's opening statement included no mention of the terminal elements. (R. at 451-55.)

After the conclusion of the Government's case, the defense moved for findings of not guilty of, among other things, the specifications under Article 134, arguing that "no evidence or testimony was elicited at all as to how this was prejudicial to good order and discipline or service discrediting. . . . And although it doesn't necessarily have to be alleged in the--on the charge sheet, it does certainly have to be proved." (R. at 732.) The military judge denied the motion. (R. at 736.)

Shortly thereafter, in an Article 39(a) session during a discussion on instructions and specifically lesser included offenses, assault and battery was identified as a lesser included offense of indecent assault, and the military judge noted in passing that the lesser included offense would

---

[1] Prejudice would also be negated if the element were uncontroverted. *Humphries*, 71 M.J. at 215-16.

not include the terminal element, "conduct prejudicial to good order and discipline or service-discrediting." (R. at 747.) In the next Article 39(a) session, a defense proposal concerning instructions on the indecent language specifications[2] was discussed, during which the military judge recited considerable text to be included in the instructions on the subject of the terminal elements, particularly prejudice to good order and discipline. (R. at 786-89.) These sessions all took place before the defense put on its case.

These several explicit references to the terminal elements of prejudice to good order and discipline and service discredit, which took place before the defense case, distinguish our case from *Humphries*. In that case, in which rape and adultery were both charged, among other offenses, the appellant was acquitted of rape but convicted of adultery. The Government did not mention the terminal elements – or even the adultery charge itself – in its opening statement, did not present any evidence specifically addressing a terminal element, and did not mention the terminal elements in its closing argument. *Humphries*, 71 M.J. at 216. The military judge's instructions that included the terminal element came after the close of evidence. In short, nothing in *Humphries* gave the defense notice of the terminal elements at a time when the notice would have been useful to him. In our case, the military judge identified the terminal elements before any evidence was presented and again after the Government closed its case and before the defense case began. The defense itself also brought up the terminal elements after the Government had closed its case.[3]

In *Humphries*, the court paid particular attention to whether there was notice in the record of which of the possible terminal elements or theories of criminality the Government was pursuing. *Id.* at 216-17. One might argue that, in light of the fact that the military judge had announced both terminal elements, combined with the absence of any indicator that the Government was pursuing a particular one, notice had been given of both a theory of prejudice to good order and discipline and a theory of service-discrediting conduct. This argument is unpersuasive. In light of the *Humphries* opinion's emphasis on notice of which terminal element the Government was pursuing, the nonspecific "notice" found in this record is insufficient to obviate prejudice. Accordingly, we cannot affirm the convictions of indecent assault and indecent language.

---

[2] There was another indecent language specification, of which Appellant was found not guilty.

[3] However, in *Humphries*, "Appellee's assertion during closing arguments that the Government had failed to present evidence that his conduct was prejudicial to good order and discipline or service discrediting [is not] sufficient for this Court to find either that the charging error was cured, or that the prejudice from that error was dissipated." *Id.* at 217.

As to the indecent assault conviction, however, the specification sufficiently alleges assault consummated by battery. We may therefore affirm a conviction of that lesser included offense, as authorized by Article 59(b), UCMJ. *See United States v. Rauscher*, 71 M.J. 225 (C.A.A.F. 2012).

We are certain that the sentence would not have been different with the reduced assault conviction and without the indecent language conviction.

### Promulgating Order

The Government, in its Answer and Brief on remand, requests that we direct the Convening Authority to issue a supplemental promulgating order to correct what it characterizes as scrivener's errors. (Answer and Brief dated 20 December 2011.)

The first error was that Additional Charge I was shown as a charge under Article 128, UCMJ, whereas it was actually under Article 120, UCMJ. We noted this error in our opinion of 21 December 2010 and ordered its correction. *Bernard*, 69 M.J. at 701. The Convening Authority issued a new promulgating order dated 11 April 2011,[4] correcting this error.[5] We see no need for another order on this account.

The other two "errors" identified by the Government are omission of some units from the distribution list, that should have been included in accordance with R.C.M. 1114(f) and a Coast Guard directive; and omission of a statement that Appellant is required to submit to DNA testing pursuant to 10 U.S.C. § 1565(a).

The Government has not cited any authority legally requiring a promulgating order to include a distribution list[6] or a statement that a person is required to submit to DNA testing. Convening Authorities are not prohibited from including information that is not required by law in a promulgating order, nor are they prohibited from issuing a new promulgating order with additional nonsubstantive material without any order from this Court, but we decline to order them to do so.

---

[4] The Court of Appeals for the Armed Forces granted review on 28 April 2011. 70 M.J. 96 (C.A.A.F. 2011).

[5] We found this promulgating order at the very end of the record.

[6] R.C.M. 1114(f) merely prescribes "distribut[ion] as provided in regulations of the Secretary concerned." The Coast Guard Military Justice Manual, COMDTINST M5810.1(series), specifies the distribution. Neither requires a distribution list to be included in the promulgating order.

### Decision

We have reviewed the record in accordance with Article 66, UCMJ. As to Charge II Specification 1, we affirm a finding of guilty of assault consummated by battery, under Article 128, UCMJ; we set aside the finding of guilty of Charge II Specification 3 and dismiss that specification. The remaining findings and the sentence are determined to be correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the remaining findings of guilty and the sentence, as approved below, are affirmed.

Judges MCGUIRE and JOHNSON concur.



For the Court,

Andrew R. Alder
Clerk of the Court