# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, GALLAGHER, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Master Sergeant RAYMOND J. REYNARD**
**United States Army, Appellant**

ARMY 20100351

Headquarters, Fort Riley
John Saunders, Military Judge
Lieutenant Colonel Robert A. Borcherding, Staff Judge Advocate

For Appellant:  Captain Matthew T. Grady, JA (argued); Colonel Mark Tellitocci, JA; Lieutenant Colonel Jonathan F. Potter, JA; Major Laura R. Kesler, JA; Major Richard E. Gorini, JA; Captain Matthew T. Grady, JA (on brief).

For Appellee:  Captain Kenneth W. Borgnino, JA (argued); Major Amber J. Williams, JA; Major Katherine S. Gowel, JA; Captain Kenneth W. Borgnino, JA (on brief).

27 November 2012

----------------------------------------------------
SUMMARY DISPOSITION ON REMAND
----------------------------------------------------

Per Curiam:

A military judge, sitting as a general court-martial, convicted appellant, contrary to his pleas, of two specifications of rape of a child, and one specification of indecent assault, in violation of Articles 120 and 134, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 920 and 934 [2005].  Pursuant to his pleas appellant was found not guilty of a third specification of rape, but was convicted of the lesser included offense of carnal knowledge, in violation of Article 120, UCMJ. Appellant was sentenced to a dishonorable discharge and confinement for seven years.  The convening authority dismissed the carnal knowledge specification and approved the remaining findings of guilt and the adjudged sentence.

This case was previously submitted to this court for review pursuant to Article 66, UCMJ.  On 21 February 2012, we issued a summary disposition decision in this case, affirming the findings of guilty and the sentence. *United States v. Reynard*, ARMY 20100351 (Army Ct. Crim. App. 21 Feb. 2012).  On 8 August 2012, our

superior court reversed our decision as to Charge II and its Specification, indecent assault, in violation of Article 134, UCMJ, and as to the sentence; affirmed our decision as to the other specifications and charges; and returned the record of trial to The Judge Advocate General of the Army for remand to this court for further consideration in light of *United States v. Humphries*, 71 M.J. 209 (C.A.A.F. 2012). *United States v. Reynard*, 71 M.J. 378 (C.A.A.F. 2012). Consequently, appellant's case is again before this court for review under Article 66, UCMJ.

## DISCUSSION

The elements of a crime under clause 1 or 2 of Article 134, UCMJ are that (1) the accused engaged in certain conduct, and (2) that the conduct was prejudicial to good order and discipline or service discrediting. *See Manual for Courts-Martial*, *United States*, (2008 ed.) [hereinafter *MCM*], pt. IV, ¶ 66.b(1)(e).

"The Government must allege every element expressly or by necessary implication, including the terminal element." *United States v. Fosler*, 70 M.J. 225, 232 (C.A.A.F. 2011). Pursuant to *Humphries*, even if this specification does not allege the terminal elements by necessary implication, the question remains whether the defect resulted in material prejudice to appellant's substantial right to notice. This question is answered by a close review of the record to determine if "notice of the missing element is somewhere extant in the trial record, or whether the element is 'essentially uncontroverted.'" *Humphries*, 71 M.J. at 215-216 (citing *United States v. Cotton*, 535 U.S. 625, 633 (2002)).

In view of *Humphries*, we are compelled to disapprove the finding of guilty as to the Article 134, UCMJ, offense previously affirmed. The specification does not contain allegations of terminal elements under Article 134, UCMJ, and there is nothing in the record to satisfactorily establish notice of the need to defend against a terminal element as required under *Humphries*. Therefore, we now set aside appellant's conviction for indecent assault and the defective specification in light of *Fosler*.

However, because the specification at issue[*] did allege every element of an assault consummated by a battery in violation of Article 128, UCMJ we find the evidence to be factually and legally sufficient to affirm that offense. "In order to determine whether an indictment charges an offense against the United States, designation by the pleader of the statute under which he purported to lay the charge is immaterial. He may have conceived the charge under one statute which would not sustain the indictment but it may nevertheless come within the terms of another

---

[*] The specification alleged, "In that [appellant] did, at or near Lineville, Alabama, between on or about 1 May 2007 and 30 September 2007, commit an indecent assault upon [LK], a person not his wife by touching her buttocks, with intent to gratify his sexual desires."

statute." *United States v. Hutcheson*, 312 U.S. 219, 229 (1941). *See United States v. Rauscher*, 71 M.J. 225, 226, n.1 (C.A.A.F. 2012). In this case, every element of the offense of assault consummated by a battery is alleged in the specification. Accordingly, the "specification clearly placed [A]ppellant on notice of that against which he had to defend." *Id*. at 226–27.

"The elements for an assault consummated by a battery are: '(1) that the accused did bodily harm to a certain person, and (2) that the bodily harm was done with unlawful force or violence.'" *United States v. Morris*, ARMY 20091169 (Army Ct. Crim. App. 20 Sep. 2012) (citing *United States v. Bonner*, 70 M.J. 1, 3 (C.A.A.F. 2011)), *see MCM*, 2008, pt. IV, ¶ 54.b(2). Bodily harm is defined as "any offensive touching of another, however slight." *MCM,* Part IV, ¶ 54.c.(1)(a). Each of the elements of assault consummated by a battery are contained in the elements of indecent assault. *MCM*, 2008, Part IV, ¶ 66.b(1)-(2). *See United States v. Moses*, ARMY 20090247 (Army Ct. Crim. App. 27 May 2011).

Accordingly, we affirm appellant's conviction of the Specification of Charge II and Charge II for the offense of assault consummated by a battery in violation of Article 128, UCMJ. We affirm only so much of the finding of guilty of the Specification of Charge II and Charge II, as finds that appellant:

> Did, at or near Lineville, Alabama, between on or about 1 May 2007 and 30 September 2007, commit an assault upon [LK], a person not his wife by touching her buttocks.

## CONCLUSION

On consideration of the entire record and the briefs submitted by the parties, and in light of *United States v. Humphries*, 71 M.J. 209 (C.A.A.F. 2012), the findings of guilty of Charge II and its Specification are set aside. We affirm the finding of guilty for the offense of assault consummated by a battery for that same charge and specification. Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*, the court affirms the sentence as approved by the convening authority.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

3