RYAN, Judge,
with whom BAKER, Chief Judge, joins (dissenting):
The majority holds that the Government’s chosen charging language limits this Court to considering “ ‘alcohol use alone’ ” in the strictest sense, separating Appellant’s alcohol use from the circumstances under which he used alcohol and his behavior under the influence of alcohol. United States v. Plant, 74 M.J. 297, 299 (2015). However, the act of consuming alcohol and the circumstances of consumption cannot be so neatly disaggregated, nor is there legal authority or any other reason compelling us to do so.
This Court reviews questions of legal sufficiency de novo. United States v. Winckelmann, 70 M.J. 403, 406 (C.A.A.F.2011). To determine legal sufficiency, this Court asks whether, when the evidence is “viewed in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.” United States v. Phil *301 lips, 70 M.J. 161, 166 (C.A.A.F.2011) (citing Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)).. Assessment of legal sufficiency is limited to evidence produced at trial. United States v. Dykes, 38 M.J. 270, 272 (C.M.A.1993). “In resolving questions of legal sufficiency, this court is bound to draw every reasonable inference from the evidence of record in favor of the prosecution.” United States v. Bright, 66 M.J. 359, 365 (C.A.A.F.2008) (quoting United States v. Rogers, 54 M.J. 244, 246 (C.A.A.F.2000)) (internal quotation marks omitted).
Neither the factfinder nor this Court needed to divorce the circumstances under which Appellant used alcohol from that act. To the contrary, the Manual for Courts-Martial, United States {MCM) defines “[c]ulpable negligence” in relation to child endangerment as “including] acts that, when viewed in the light of human experience, might foreseeably result in harm to a child.” MCM pt. IV, para. 68a.c.(3) (2012 ed.) (emphasis added). To view an act “in the light of human experience” requires considering its context. Moreover, the MCM specifies that a factfin-der may consider circumstantial factors such as “the conditions surrounding the neglectful conduct”; “the proximity of assistance available”; “the nature of the environment”; “provisions made for care of the child”; and “the location of the parent or adult responsible.” Id. This Court’s precedent in child neglect and maltreatment cases, too, directs us to consider the circumstances. See United States v. Vaughan, 58 M.J. 29, 35 (C.A.A.F.2003) (upholding child neglect conviction where the trier of fact defined culpable negligence “by what was reasonable under the circumstances”); United States v. Carson, 57 M.J. 410, 415 (C.A.A.F.2002) (holding that in maltreatment eases “[i]t is only necessary to show, as measured from an objective viewpoint in light of the totality of the circumstances, that the accused’s actions reasonably could have caused physical or mental harm or suffering”).
A rational trier of fact could certainly have concluded, as the members did in this case, that Appellant’s decision to consume so much alcohol constituted culpable negligence under the circumstances. Put simply, what is culpably negligent in one situation may not be so in another. This is not a parent who drank to excess alone or drank moderately as his healthy child slept, but a parent who drank to excess, in a milieu of strangers, sexual activities, and drug use, while serving as his dependent toddler’s sole caretaker. Under the circumstances, a rational trier of fact, properly instructed (as this panel was), could certainly have found that the charged culpable negligence by using alcohol (two to three drinks an hour, by Appellant’s own admission, over the course of a five-hour party), Plant, 74 M.J. at 298, created a reasonable probability that the child would be harmed. The fact that no harm in fact occurred is fortuitous.
As in United States v. Rauscher, 71 M.J. 225 (C.A.A.F.2012), Appellant’s “ ‘substantial right to be tried only on charges presented in [a specification]’ was not violated.” Id. at 227 (alteration in original) (quoting Stirone v. United States, 361 U.S. 212, 217, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960)). Appellant was not tried for conduct beyond the specification, for uncharged actions he took under the influence of alcohol, for example, but for choosing to consume as much alcohol as he did given the surrounding circumstances/ These include the young age of the child and the inebriated or otherwise impaired strangers who had access to the child. Whether Appellant caused the surrounding circumstances is irrelevant: What is relevant is that the circumstances surrounding Appellant’s alcohol use created a reasonable probability of danger to his child. I respectfully dissent.