UNITED STATES, Appellee

v.

Joshua K. PLANT, Staff Sergeant
U.S. Air Force, Appellant

No. 15-0011

Crim. App. No. 38274

United States Court of Appeals for the Armed Forces

Argued April 14, 2015

Decided July 15, 2015

OHLSON, J., delivered the opinion of the Court, in which ERDMANN and STUCKY, JJ., joined.  RYAN, J., filed a separate dissenting opinion, in which BAKER, C.J., joined.


Counsel

For Appellant:  Philip D. Cave, Esq. (argued); Captain Johnathan D. Legg (on brief); Captain Travis L. Vaughan.

For Appellee:  Captain Thomas J. Alford (argued); Colonel Katherine E. Oler, Lieutenant Colonel Steven J. Grocki, and Gerald R. Bruce, Esq. (on brief).

Amicus Curiae for Appellant:  Joshua J. Bryant (law student) (argued); Scott C. Idleman, Esq. (supervising attorney) and Aloysius F. Rohmeyer, Esq. (supervising attorney) (on brief) -- Marquette University Law School.

Military Judge:  J. Wesley Moore


**This opinion is subject to revision before final publication.**

Judge OHLSON delivered the opinion of the Court.

Contrary to Appellant's pleas, a general court-martial composed of officer and enlisted members convicted Appellant of two specifications of aggravated sexual assault and one specification each of adultery and child endangerment, in violation of Articles 120 and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 920, 934 (2012).  The panel sentenced Appellant to confinement for twelve years, a dishonorable discharge, and a reduction to the grade of E-1. The convening authority approved the adjudged sentence, and the United States Air Force Court of Criminal Appeals (CCA) affirmed the findings and sentence.[1]  United States v. Plant, No. ACM 38274, 2014 CCA LEXIS 389, at *19, 2014 WL 4803255, at *6 (A.F. Ct. Crim. App. July 2, 2014).

We granted review in this case to determine whether the evidence was legally sufficient to support Appellant's conviction for child endangerment.  Despite viewing the evidence in the light most favorable to the Government, we conclude that no rational trier of fact could have found a reasonable probability that the child's welfare was endangered.

---

[1] We heard oral argument in this case at Marquette University Law School as part of the Court's "Project Outreach."  See United States v. Mahoney, 58 M.J. 346, 347 n.1 (C.A.A.F. 2003).  This practice was developed as part of a public awareness program to demonstrate the operation of a federal court of appeals and the military justice system.

FACTS

The trial evidence established that on the night of April 30, 2011, Appellant hosted a party at his off-base residence. Six people were in attendance: Appellant, his adult male friend, and four teenage women ranging in age from fifteen to eighteen years. Appellant's thirteen-month-old son also was in the residence during the party, but he was asleep in his crib in an adjoining room and did not awaken during the night. Although he was deemed "a little delayed" physically because he had not yet begun to walk, Appellant's son was otherwise healthy.

Five of the six attendees at the party, including Appellant, consumed significant amounts of alcohol. When Appellant's friend testified at the court-martial, he stated that he was "pretty sure everybody was pretty well drunk." When Appellant gave a statement to investigators, he admitted he was drunk and estimated that during the party he consumed two to three alcoholic drinks per hour throughout the night. The drinking lasted approximately five hours, from 8:00 p.m. to 1:00 a.m.

At the court-martial, one of the young women who attended the party testified that Appellant "wasn't in any condition to take care of his child." Further, when Appellant's friend was asked whether Appellant would have been able to care for his son if the need had arisen, he responded, "I would say no."

3

However, Appellant did remind his guests to keep the noise level down because the baby was sleeping, and witnesses testified that they thought Appellant went to check on his son throughout the night.  Additionally, when the teenaged girl who was sober at the party was asked if she would have known what to do with the child if an emergency had happened, she testified, "Well kind of, yeah," and "I guess."[2]

### ANALYSIS

The child endangerment offense alleged:

Within the State of Arkansas, between on or about 9 April 2011 and on or about 9 May 2011, [Appellant] had a duty for the care of L.E.P., a child under the age of 16 years, and did endanger the welfare of said L.E.P., by using alcohol and cocaine, and that such conduct constituted culpable negligence, and that under the circumstances, the conduct was of a nature to bring discredit upon the armed forces.

The panel found Appellant guilty of this specification but excepted the words, "and cocaine" and returned a finding of not guilty as to these excepted words.  Thus, because of the manner in which the Government charged the offense, and because of the panel's verdict in regard to the specification, the child endangerment conviction was based solely on Appellant's use of alcohol at the time he had a duty to care for his son.  See United States v. Rauscher, 71 M.J. 225, 227 (C.A.A.F. 2012)

---

[2] The evidence introduced at trial also demonstrated that Appellant sexually assaulted two of the young women at the party after they ingested cocaine.  However, because these facts are not relevant to the granted issue before us, we will not address them further.

4

United States v. Plant, No. 15-0011/AF

(noting that accused has "'substantial right to be tried only on charges presented in [a specification]'" (alteration in original) (quoting Stirone v. United States, 361 U.S. 212, 217 (1960))); United States v. Geppert, 7 C.M.A. 741, 743, 23 C.M.R. 205, 207 (1957) (noting that "the Government is free to prosecute under specifications couched in language of its choice"). Accordingly, we may not examine whether Appellant endangered LP by allegedly using cocaine during the party, by inviting virtual strangers into his home while his young son was present, or by sexually assaulting two young women in the same residence in which his son slept. Cf. United States v. Lubasky, 68 M.J. 260, 264-65 (C.A.A.F. 2010) (indicating that our review is limited to the facts alleged in the specification and the findings of the panel, specifically considering whether any exceptions or substitutions had been made). Rather, the specific question before us is:

> WHETHER THE EVIDENCE IS LEGALLY SUFFICIENT TO SUPPORT THE FINDING OF GUILTY TO CHARGE V AND ITS SPECIFICATION (CHILD ENDANGERMENT) BECAUSE THE EVIDENCE FAILED TO PROVE APPELLANT'S ALCOHOL USE ALONE AMOUNTED TO CULPABLE NEGLIGENCE THAT ENDANGERED THE WELFARE OF L.P.

We review the legal sufficiency of the child endangerment offense de novo. United States v. Kearns, 73 M.J. 177, 180 (C.A.A.F. 2014). To determine whether evidence is legally sufficient, we ask "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of

5

fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Gutierrez, 74 M.J. 61, 65 (C.A.A.F. 2015) (citation omitted) (internal quotation marks omitted). This determination is "based on the evidence before" the factfinder. United States v. Cauley, 45 M.J. 353, 356 (C.A.A.F. 1996).

In analyzing this issue, we first note the following elements of the child endangerment offense with which Appellant was charged:

(1) That the accused had a duty for the care of a certain child;

(2) That the child was under the age of 16 years;

(3) That the accused endangered the child's mental or physical health, safety, or welfare through design or culpable negligence; and

(4) That, under the circumstances, the conduct of the accused was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces.

Manual for Courts-Martial, United States pt. IV, para. 68a.b. (2012 ed.) (MCM). Although the parties address both the third and fourth elements in their briefs, we will focus exclusively on the third element because the outcome of this case turns on whether the evidence is legally sufficient to establish this element.

As a threshold matter, the third element requires an accused to have "endangered" a child. The MCM defines this

term, stating: "'Endanger' means to subject one to a reasonable probability of harm." MCM pt. IV, para. 68a.c.(5). We next note that the trial record indicates that Appellant's son was a healthy thirteen-month-old child who did not have any medical conditions that increased his risk of harm compared to any other typical thirteen-month-old child.[3] We further note that Appellant's son was placed in his own crib during normal bedtime hours in order for him to sleep for the night. It is within this factual context that we must analyze the legal sufficiency of the child endangerment offense in the instant case.

To be clear, we deem Appellant's actions of drinking an excessive amount of alcohol while caring for his young child to be irresponsible. However, a criminal conviction for child endangerment requires more than a showing of irresponsible behavior coupled with speculation by the prosecution about what possibly could have happened to a child as a consequence of an accused's conduct. Rather, it requires proof that the accused's conduct, either through design or culpable negligence, resulted in a reasonable probability that the child would be harmed. Here, there was no such showing by the Government. Specifically, we find no substantiation in the record for the

---

[3] As noted above, although LP was considered "a little delayed" physically because he had not yet started to walk, Appellant testified that according to LP's pediatrician this "wasn't a problem."

7

proposition that Appellant's intoxication created a reasonable probability that his healthy thirteen-month-old child, who was placed in his own crib to sleep during ordinary bedtime hours, would experience harm.  Therefore, even though we view the evidence in the light most favorable to the Government and acknowledge that the possibility of harm could not be ruled out, on the facts of this case we are compelled to conclude that no rational trier of fact could have found beyond a reasonable doubt that there was a reasonable probability that LP's mental or physical health, safety, or welfare were endangered on the night in question.[4]

## CONCLUSION

The decision of the United States Air Force Court of Criminal Appeals is reversed as to Charge V and its

---

[4] The third element for child endangerment has two requirements: (1) the accused's acts or omissions must endanger the child's safety; and (2) the accused's mental state must be that of "culpable negligence."  See MCM pt. IV, para. 68a.b.(3).  Each aspect of the third element requires a different threshold of risk.  As we explain in the main text, the threshold of risk for "endanger" is conduct that subjects the child to a "reasonable probability," not merely a reasonable possibility, of harm. However, the threshold of risk for the mental state of culpable negligence is lower.  The Government establishes culpable negligence if a reasonable person would be aware that the accused's conduct "might foreseeably result in harm to a child, even though such harm would not necessarily be the natural and probable consequences of such acts."  MCM pt. IV, para. 68a.c.(3).  Because the threshold of risk of harm for establishing culpable negligence is lower than that required for endangerment, we note that the facts of this case may satisfy the mental state of culpable negligence despite failing to establish the act of endangerment.

Specification and the sentence, but affirmed in all other respects.  The findings of guilty with respect to this charge and specification are set aside, and Charge V and its Specification are dismissed.  The record of trial is returned to the Judge Advocate General of the Air Force for remand to the lower court for reassessment of the sentence.

RYAN, Judge, with whom BAKER, Chief Judge, joins
(dissenting):

The majority holds that the Government's chosen charging
language limits this Court to considering "'alcohol use alone'"
in the strictest sense, separating Appellant's alcohol use from
the circumstances under which he used alcohol and his behavior
under the influence of alcohol. United States v. Plant, __ M.J.
__, __ (5) (2015). However, the act of consuming alcohol and
the circumstances of consumption cannot be so neatly
disaggregated, nor is there legal authority or any other reason
compelling us to do so.

This Court reviews questions of legal sufficiency de novo.
United States v. Winckelmann, 70 M.J. 403, 406 (C.A.A.F. 2011).
To determine legal sufficiency, this Court asks whether, when
the evidence is "viewed in the light most favorable to the
prosecution, any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt."
United States v. Phillips, 70 M.J. 161, 166 (C.A.A.F. 2011)
(citing Jackson v. Virginia, 443 U.S. 307, 319 (1979)).
Assessment of legal sufficiency is limited to evidence produced
at trial. United States v. Dykes, 38 M.J. 270, 272 (C.M.A.
1993). "In resolving questions of legal sufficiency, this court
is bound to draw every reasonable inference from the evidence of
record in favor of the prosecution." United States v. Bright,

66 M.J. 359, 365 (C.A.A.F. 2008) (quoting United States v. Rogers, 54 M.J. 244, 246 (C.A.A.F. 2000)) (internal quotation marks omitted).

Neither the factfinder nor this Court needed to divorce the circumstances under which Appellant used alcohol from that act. To the contrary, the Manual for Courts-Martial, United States (MCM) defines "[c]ulpable negligence" in relation to child endangerment as "includ[ing] acts that, when viewed in the light of human experience, might foreseeably result in harm to a child." MCM pt. IV, para. 68a.c.(3) (2012 ed.) (emphasis added). To view an act "in the light of human experience" requires considering its context. Moreover, the MCM specifies that a factfinder may consider circumstantial factors such as "the conditions surrounding the neglectful conduct"; "the proximity of assistance available"; "the nature of the environment"; "provisions made for care of the child"; and "the location of the parent or adult responsible." Id. This Court's precedent in child neglect and maltreatment cases, too, directs us to consider the circumstances. See United States v. Vaughan, 58 M.J. 29, 35 (C.A.A.F. 2003) (upholding child neglect conviction where the trier of fact defined culpable negligence "by what was reasonable under the circumstances"); United States v. Carson, 57 M.J. 410, 415 (C.A.A.F. 2002) (holding that in maltreatment cases "[i]t is only necessary to show, as measured

2

from an objective viewpoint in light of the totality of the circumstances, that the accused's actions reasonably could have caused physical or mental harm or suffering").

A rational trier of fact could certainly have concluded, as the members did in this case, that Appellant's decision to consume so much alcohol constituted culpable negligence under the circumstances. Put simply, what is culpably negligent in one situation may not be so in another. This is not a parent who drank to excess alone or drank moderately as his healthy child slept, but a parent who drank to excess, in a milieu of strangers, sexual activities, and drug use, while serving as his dependent toddler's sole caretaker. Under the circumstances, a rational trier of fact, properly instructed (as this panel was), could certainly have found that the charged culpable negligence by using alcohol (two to three drinks an hour, by Appellant's own admission, over the course of a five-hour party), Plant, __ M.J. at __ (3), created a reasonable probability that the child would be harmed. The fact that no harm in fact occurred is fortuitous.

As in United States v. Rauscher, 71 M.J. 225 (C.A.A.F. 2012), Appellant's "'substantial right to be tried only on charges presented in [a specification]' was not violated." Id. at 227 (alteration in original) (quoting Stirone v. United States, 361 U.S. 212, 217 (1960)). Appellant was not tried for

3

conduct beyond the specification, for uncharged actions he took under the influence of alcohol, for example, but for choosing to consume as much alcohol as he did given the surrounding circumstances.  These include the young age of the child and the inebriated or otherwise impaired strangers who had access to the child.  Whether Appellant caused the surrounding circumstances is irrelevant:  What is relevant is that the circumstances surrounding Appellant's alcohol use created a reasonable probability of danger to his child.  I respectfully dissent.