**UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS**

**UNITED STATES**

**v.**

**Staff Sergeant JOSHUA K. PLANT**
**United States Air Force**

**ACM 38274 (rem)**

**1 February 2016**

Sentence adjudged 26 October 2012 by GCM convened at Little Rock Air Force Base, Arkansas.  Military Judge:  J. Wesley Moore.

Approved Sentence:  Dishonorable discharge, confinement for 12 years, and reduction to E-1.

Appellate Counsel for Appellant:  Captain Johnathan D. Legg and Phillip D. Cave (civilian attorney).

Appellate Counsel for the United States:  Lieutenant Colonel Roberto Ramirez and Gerald R. Bruce, Esquire.

Before

ALLRED, MITCHELL, and MAYBERRY
Appellate Military Judges

OPINION OF THE COURT
UPON REMAND

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

MITCHELL, Senior Judge:

A panel of officer and enlisted members convicted Appellant, contrary to his pleas and with certain exceptions, of aggravated sexual assault of SO; aggravated sexual assault of a child, SS; child endangerment; and adultery, in violation of Articles 120 and 134, UCMJ, 10 U.S.C. §§ 920, 934.  The members acquitted Appellant of a charge alleging he used and distributed cocaine.  The military judge also entered findings of not guilty, pursuant to Rule for Courts-Martial 917, to charges and specifications alleging

Appellant conspired to distribute cocaine and was derelict in the performance of his duties by providing alcohol to minors. The adjudged and approved sentence consisted of a dishonorable discharge, confinement of 12 years, and reduction to E-1. We affirmed the findings and sentence. *United States v. Plant*, ACM 38274 (A.F. Ct. Crim. App. 2 July 2014) (unpub. op.).

Our superior court determined that the evidence was not legally sufficient to sustain the child endangerment conviction and set it aside. *United States v. Plant*, 74 M.J. 297 (C.A.A.F. 2015). Charge V and its Specification were set aside and the remaining findings were affirmed. *Id.* at 300. The court remanded the case to us "for reassessment of the sentence." *Id.*

Appellant requests this court order a sentence rehearing. In the alternative, Appellant requests this court reduce the approved sentence by at least one year of confinement. The Government opposes this request and argues this court should reassess the sentence to the earlier approved sentence.[1] We conclude we are able to adequately determine an appropriate sentence and affirm a sentence of a dishonorable discharge, confinement for 11 years, and reduction to E-1.

*Background*

The charged actions in this case arise out of a party Appellant hosted at his off-base home. Six people attended the party: Appellant, Appellant's friend MJ, and four young women—two of whom were clearly less than 18 years of age. That evening, Appellant sexually assaulted a 15-year-old girl and a 16-year-old girl while he was married to another woman. Additional facts are included in our first opinion and below as necessary.

*Sentence Reassessment*

This court has "broad discretion" when reassessing sentences. *United States v. Winckelmann*, 73 M.J. 11, 12 (C.A.A.F. 2013). Our superior court has repeatedly held that if we "can determine to [our] satisfaction that, absent any error, the sentence adjudged would have been of at least a certain severity, then a sentence of that severity or less will be free of the prejudicial effects of error." *United States v. Sales*, 22 M.J. 305, 308 (C.A.A.F. 1986). This analysis is based on a totality of the circumstances with the

---

[1] Neither party addressed whether this court is foreclosed from ordering a sentence rehearing based on the remand language from our superior court directing us to conduct a sentence reassessment. In other cases, our superior court has returned a record of trial "to the Judge Advocate General of the Air Force for remand to the Court of Criminal Appeals for reassessment of the sentence or to order a rehearing on sentencing consistent with this decision." *See, e.g.*, <u>United States v. Morita</u>, 74 M.J. 116, 124 (C.A.A.F. 2015). Upon a remand from our superior court, we may "only take action that conforms to the limitation and conditions prescribed by the remand." *United States v. Montesinos*, 28 M.J. 38, 44 (C.M.A. 1989). We need not resolve this issue at this time because we have conducted a sentence reassessment.

following as illustrative factors: dramatic changes in the penalty landscape and exposure, the forum, whether the remaining offenses capture the gravamen of the criminal conduct, whether significant or aggravating circumstances remain admissible and relevant, and whether the remaining offenses are the type that we as appellate judges have experience and familiarity with to reliably determine what sentence would have been imposed at trial. *Winckelmann*, 73 M.J. at 15–16. Applying these factors to this case, we are confident that reassessment is appropriate.

The penalty landscape has not dramatically changed. Setting aside the conviction of child endangerment by culpable negligence and without any resulting harm reduced the maximum confinement by 1 year—to 51 years of confinement. The other sentence components are not changed. This minor reduction in solely the maximum confinement weighs heavily in favor of reassessment.

Appellant was sentenced by members, and our superior court has indicated that we are less likely to be certain of what members would have done in sentencing absent the error. *Winckelmann*, 73 M.J. at 16. However, we are mindful that remanding for a rehearing would not result in the same court-members from the original court-martial reassessing the sentence, and instead would result in a different group of nonparticipants determining an appropriate sentence vice this panel of appellate judges. *Id.* at 15. This factor therefore weighs slightly toward a remand; however, it also weighs in our determination of the reassessed sentence free of prejudicial error.

The nature of the remaining offenses capture the gravamen of the criminal conduct included within the original offenses. The drug and alcohol fueled bacchanalia[2] hosted by Appellant ended with him digitally penetrating the genital opening of a 15-year-old girl who was not legally capable of consenting. Shortly thereafter, he committed an aggravated sexual assault by having sexual intercourse with a 16-year-old girl who was substantially incapacitated due to her excessive consumption of alcohol and cocaine. Additionally, the evidence that Appellant's adultery was of a nature to bring discredit upon the armed forces—as it took place without SO's consent, with others knocking on the door out of concern for the 16-year-old girl, and with at least two people present that night aware of his military status—would also still be admissible. The evidence that Appellant's child was present in the home that evening may not have been admissible. While this weighs in our decision on a sentence that is free of error, it does not require a remand for a sentence rehearing. We also consider that the only witnesses called during sentencing by the trial counsel were the two teenage sexual assault victims. The trial counsel's sentencing argument included only brief references to the child endangerment

---

[2] We are mindful that Appellant was not convicted of using, distributing, and conspiring to distribute cocaine, as well as dereliction of duty for providing alcohol to minors. However, the admissible evidence of the offenses he was convicted of included that Appellant and several of his guests consumed alcohol. Furthermore, Appellant admitted that he knew the two victims of his sexual offenses were drinking alcohol and using cocaine and he provided them a straw while they were ingesting the drug.

offense, and instead focused on the sexual assaults. Specifically, in regards to confinement, trial counsel stated, "We are asking for 10 to 12 years to reflect the seriousness of an aggravated sexual—two aggravated sexual assaults of teenage girls."

The remaining offenses of adultery, aggravated sexual assault, and aggravated sexual assault of a child are offenses that we have experience and familiarity with in determining appropriate and just sentences. We conclude that sentence reassessment by our court is appropriate in this case. We determine that absent any error the adjudged sentence would have been no less than a dishonorable discharge, confinement for 11 years, and reduction to E-1. This reassessed sentence is free of any prejudicial effects of the error from the legally insufficient conviction for culpably negligent child endangerment.

*Conclusion*

Charge V and its specification were set aside and dismissed by the Court of Appeals for the Armed Forces. The remaining charges and specifications are affirmed. We have reassessed the sentence to a dishonorable discharge, confinement for 11 years, and reduction to E-1. The findings, as modified, and the sentence, as reassessed, are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings, as modified, and the sentence, as reassessed are **AFFIRMED**.

FOR THE COURT

LEAH M. CALAHAN
Clerk of the Court