# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CELTNIEKS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant BIANCA L. KOTH**
**United States Army, Appellant**

ARMY 20150179

Headquarters, 25th Infantry Division
Gregory A. Gross, Military Judge
Colonel William D. Smoot, Staff Judge Advocate

For Appellant: Lieutenant Colonel Melissa R. Covolesky, JA; Captain Ryan T. Yoder, JA (on reply brief); Colonel Mary J. Bradley, JA; Captain Ryan T. Yoder, JA (on brief).

For Appellee: Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie III, JA; Major Anne C. Hsieh, JA; Captain Jonathan S. Reiner, JA (on brief).

16 March 2017

---------------------------------
SUMMARY DISPOSITION
---------------------------------

BURTON, Judge:

On appeal, appellant alleges her conviction of child endangerment is legally and factually insufficient because the government failed to prove she was culpably negligent and subjected her child to a reasonable probability of harm. We disagree.

A panel of officers and enlisted members sitting as a general court-martial convicted appellant, contrary to her pleas, of one specification of assault consummated by a battery upon a child under the age of 16 years and one specification of child endangerment, in violation of Articles 128 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 928, 934 (2006 & Supp. IV 2011; 2012 & Supp. I 2014) [hereinafter UCMJ]. The panel sentenced appellant to a bad-conduct discharge, confinement for three months, and forfeiture of all pay and allowances. The convening authority approved the adjudged sentence.

This case is before us for review pursuant to Article 66, UCMJ. Appellate defense counsel assigns one error to this court: whether the evidence supporting the conviction of child endangerment for failure to seek medical treatment is legally and factually sufficient, where the government failed to present any evidence that

appellant should have known of her son's injuries or that there was a reasonable probability of harm. After due consideration, we find the assigned error in this case warrants discussion and partial relief on other grounds. Those matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), are without merit.

## LAW AND DISCUSSION

In accordance with Article 66(c), UCMJ, we review issues of legal and factual sufficiency de novo. *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002). The test for legal sufficiency is "whether, considering the evidence in the light most favorable to the prosecution, a reasonable factfinder could have found all the essential elements beyond a reasonable doubt." *United States v. Turner*, 25 M.J. 324, 324 (C.M.A. 1987) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *see also United States v. Humpherys*, 57 M.J. 83, 94 (C.A.A.F. 2002). In resolving questions of legal sufficiency, we are "bound to draw every reasonable inference from the evidence of record in favor of the prosecution." *United States v. Barner*, 56 M.J. 131, 134 (C.A.A.F. 2001). The test for factual sufficiency is "whether, after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, [we] are [ourselves] convinced of the accused's guilt beyond a reasonable doubt." *Turner*, 25 M.J. at 325.

### Mens Rea: Culpable Negligence

On appeal, appellant alleges the government offered "no direct evidence" that she "was aware of any injuries sustained by [her son,] TK," and thereby failed to establish her culpable negligence. On this point, appellant overlooked two important issues—direct evidence is not required and child endangerment by culpable negligence is a general-intent offense. Considering first the nature of the evidence, while direct evidence can establish an appellant's state of mind, direct evidence is not required to establish proof beyond a reasonable doubt. Rule for Courts-Martial [hereinafter R.C.M.] 918(c) ("Findings may be based on direct or circumstantial evidence."). Circumstantial evidence, standing alone or together with other evidence, can prove a fact necessary to establish an element of an offense beyond a reasonable doubt. R.C.M. 918(c) discussion; *see also United States v. Roberts*, 59 M.J. 323, 327 (C.A.A.F. 2004); *United States v. Caballero*, 37 M.J. 422, 425 (C.M.A. 1993); *United States v. Hurt*, 9 U.S.C.M.A. 735, 763, 27 C.M.R. 3, 31 (1958). Accordingly, a reasonable panel could have been convinced of appellant's culpable negligence based on the circumstantial evidence in this case.

We next consider the nature of the offense. Appellant was found guilty of child endangerment by culpable negligence, not by design. Child endangerment, like other offenses by culpable negligence, is a general-intent offense reviewed under an objective test. *See, e.g.*, *United States v. Gibson*, 43 M.J. 343, 346 (C.A.A.F. 1995) (rejecting a subjective test regarding the appellant's knowledge of the risk of harm,

and applying an objective test whether a reasonable person would have known of the risk); *United States v. Redding*, 14 U.S.C.M.A. 242, 245, 34 C.M.R. 22, 25 (1963) (finding aggravated assault by culpable negligence even where the government and defense both agreed the appellant never intended to harm the victim). Therefore, it is sufficient if, "when viewed in the light of human experience," a reasonable person in appellant's circumstances would have known her negligent omission "might foreseeably result in harm to [her son.]" *Manual for Courts-Martial* (2012 ed.) [hereinafter *MCM*], pt. IV, ¶ 68a.c.(3)). The panel could have been convinced appellant was sincerely unaware of the potential harm to her son, while at the same time concluding her lack of awareness was unreasonable and criminally negligent. Essentially, the panel could have found appellant's negligent omission was accompanied by a *culpable* disregard for the foreseeable consequences, even if not a *conscious and deliberate* disregard.

Among the available facts and circumstances in evidence for the panel to consider were the following: TK was only ten years old at the time of the offense; TK was living at the same address listed on appellant's military records as her residence; TK had bruises and other injuries covering approximately 8% of his body's surface area; TK's injuries were visible enough to the school staff to prompt them to seek immediate medical attention for TK; and the panel had photographic evidence of TK's injuries from which they could determine whether appellant's lack of awareness amounted to a culpable disregard for TK's health, safety, and welfare. Appellant also made several admissions to a special agent from which the panel could judge her credibility and the reasonableness of her professed lack of awareness. Specifically, she was aware her son had been punished the day before the injuries were discovered for eating a popsicle, and was familiar enough with her son's extracurricular activities to exclude other potential causes of injury, but claimed to be unaware of visible physical injuries to her son that were consistent with assault.

Essentially—when considering "the conditions surrounding the neglectful conduct" (e.g., the readily apparent nature of TK's bruises and self-protective body posture), "the provisions made for care of the child" (which proved to be insufficient to make her aware of injuries covering 8% of TK's body), and "location of the parent . . . responsible for the child relative to the location of the child (e.g., appellant was not deployed to a foreign location, but apparently living in the same house)—a reasonable panel could have concluded appellant's negligent omission was accompanied by a culpable disregard for the foreseeable consequences to TK. *Id.*

Moreover, after careful review of the evidence presented at trial, we are convinced beyond a reasonable doubt appellant endangered TK's physical health, safety, and welfare through culpable negligence. Our finding of culpable negligence is not a reflexive indictment of any parent that fails "to be omnisciently aware of a child's well-being at all times[,]" as appellant cautions. Instead, it is a conclusion

3

borne of the circumstantial evidence concerning appellant's negligent omission when ensuring TK received timely medical care for serious and visible injuries.

*Actus Reus: Endanger by Subjecting to a Reasonable Probability of Harm*

When appellant failed to seek medical care for her ten-year-old son after he sustained visible injuries covering 8% of the surface area of his body, her negligent omissions endangered her son—that is, it resulted in a reasonable probability that her son would be harmed. Within the context of this offense, "the threshold of risk for 'endanger' is conduct that subjects the child to a 'reasonable probability,' not merely a reasonable possibility, of harm." *United States v. Plant*, 74 M.J. 297, 300 n.4 (C.A.A.F. 2015). *See also MCM*, pt. IV, ¶ 68a.c.(5) (defining "endanger" as subjecting a child to a "reasonable probability of harm."). "Actual physical or mental harm to the child is not required." *Id.* ¶ 68a.c.(4). Instead, the offense requires that an appellant's "actions reasonably could have caused physical or mental harm or suffering." *Id.* We note, as did our superior court, the "threshold of risk" for proving endangerment (i.e., reasonable probability) is higher than the threshold for proving culpable negligence (i.e., foreseeability although not necessarily the natural and probable consequence). *Plant*, 74 M.J. at 300 n.4.

Based on the facts in this case, a reasonable panel could have found appellant subjected her son to a reasonable probability of additional physical harm and suffering by *failing to notice or put into place a mechanism for providing her notice* of serious and readily apparent injuries to her son (i.e., a negligent omission). First, as previously mentioned, the panel had photographic evidence of the extensive bruising on TK's body, from which they could assess the risk of additional harm and suffering from delayed medical care. Second, the panel heard testimony from the attending pediatrician, who spoke specifically about the continued pain and suffering from TK's injuries. The pediatrician testified she immediately noticed the visible bruising on TK's body. When she examined TK, he pulled his arm away and made "a gasping sound" when she touched his arm. She also noticed a loss of mobility in TK's arm "because it was too painful" when he tried to rotate it. Third, the pediatrician also testified about the risks of additional harm from delayed medical care for TK's particular injuries.

In our analysis, we find some, but not all, of the risks described by the attending pediatrician constituted a reasonable probability of harm. For example, there may have been a reasonable possibility the risks associated with TK's injuries could have resulted in death or permanent brain injury, but these risks were likely not a reasonable probability. In contrast, the extensive bruising across TK's body and the hard tissue in his arm muscle presented a reasonable probability of internal bleeding, muscle breakdown, and rhabdomyolysis. Consequently, we are also convinced beyond a reasonable doubt appellant's culpable negligence endangered TK's physical health, safety, and welfare by subjecting him to a reasonable probability of additional physical harm and suffering.

KOTH—ARMY 20150179

*Prejudice to Good Order and Discipline*

As required pursuant to *United States v. Fosler*, 70 M.J. 225, 226 (C.A.A.F. 2011), the Specification of Additional Charge II alleged the terminal element of an Article 134, UCMJ, offense as follows: "such conduct being to the prejudice of good order and discipline in the armed forces and of a nature to bring discredit upon the armed forces." There is insufficient evidence in the record establishing the terminal element beyond a reasonable doubt as it relates to the effect on good order and discipline. Therefore, we except the unsupported language from the Specification of Additional Charge II.

**CONCLUSION**

On consideration of the entire record, we AFFIRM only so much of the Specification of Additional Charge II as finds:

> In that [appellant], U.S. Army, at or near Schofield Barracks, Hawaii, on or about 22 April 2014, had a duty for the care of [TK], a child under the age of 16 years, and did endanger the welfare of said [TK], by failing to seek medical care for injuries to his arms, legs, buttocks, and head, and that such conduct constituted culpable negligence, such conduct being of a nature to bring discredit upon the armed forces.

The remaining findings of guilty are AFFIRMED.

In evaluating the factors for potential sentence reassessment pursuant to *United States v. Winkelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013), and *United States v. Sales,* 22 M.J. 305, 308 (C.M.A. 1986), we find there is no change to the sentencing landscape. The gravamen of misconduct has not changed, and the charges before us are commonly reviewed by this court. Accordingly, the sentence approved by the convening authority is AFFIRMED. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision, are ordered restored. *See* UCMJ arts. 58a(b), 58b(c), 75(a).

Senior Judge TOZZI and Judge CELTNIEKS concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

5