# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
BURTON, RODRIGUEZ, and FLEMING
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Specialist RONALD C. GIVENS**
**United States Army, Appellant**

ARMY 20190132

Headquarters, Fort Stewart
David H. Robertson, Military Judge
Colonel Steven M. Ranieri, Staff Judge Advocate

For Appellant: Colonel Elizabeth G. Marotta, JA; Lieutenant Colonel Tiffany D. Pond, JA; Major Jack D. Einhorn, JA; Major Benjamin A. Accinelli, JA (on brief).

For Appellee: Colonel Steven P. Haight, JA; Lieutenant Colonel Wayne H. Williams, JA; Major Craig J. Schapira, JA; Captain A. Benjamin Spencer, JA (on brief).

19 October 2020

-----------------------------------
SUMMARY DISPOSITION
-----------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

BURTON, Senior Judge:

On appeal, appellant contends his conviction of child endangerment is legally and factually insufficient.[1] We agree and grant relief in our decretal paragraph and reassess appellant's sentence.[2]

---

[1] A military judge sitting as a general court-marital convicted appellant, consistent with his plea, of one specification of assault consummated by a battery, in violation of Article 128, Uniform Code of Military Justice, 10 U.S.C. § 928 (2012 & Supp. IV 2016) [UCMJ]. On 1 March 2019, an enlisted panel sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification each of making a false official statement, larceny of military property, assault consummated

(continued . . .)

## BACKGROUND

Appellant and SPC KN began dating while they were students in Advanced Individual Training (AIT) at Fort Sam Houston, Texas. While they were dating, SPC KN became pregnant with the couple's daughter, AG. The couple married in February 2018 when AG was one month-old.

On the evening of 21 February 2018, appellant placed their sleeping daughter, AG, in the center of an air mattress surrounded by two pillows in the bedroom. Appellant laid down next to his daughter and attempted to go to sleep.

Appellant and Specialist KN had previously been arguing. Specialist KN entered the bedroom, turned on the lights, and began using her phone, which upset appellant. After SPC KN refused to turn off the lights and stop using her phone, appellant reached across the air mattress and smacked the phone out of her hand. In response, SPC KN said she would leave the room. Specialist KN tried to pick up AG, but appellant reached over, grabbed SPC KN's arm, and pushed her up against the wall by her neck so that only her big toe was still touching the ground. When SPC KN again attempted to reach for their infant daughter, appellant grabbed her by the arm and pushed her out of the bedroom.

## LAW AND DISCUSSION

We review questions of legal and factual sufficiency de novo. *United States v. Walters*, 58 M.J. 391, 395 (C.A.A.F. 2003). "The test for legal sufficiency is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Gutierrez*, 73 M.J. 172, 175 (C.A.A.F. 2014) (quoting *United States v. Bennitt*, 72 M.J. 266, 268 (C.A.A.F. 2013) (citations and internal quotations omitted)). The test for factual sufficiency is "whether, after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, *the members of the service court are themselves*

---

(. . . continued)
by a battery, communicating a threat, and child endangerment, in violation of Articles 107, 121, 128 and 134, UCMJ. Appellant was sentenced to confinement for 90 days, forfeiture of $1,680 pay per month for one month, reduction to E-1, and a bad-conduct discharge. Appellant was acquitted of one specification of assault consummated by a battery and one specification of adultery in violation of Articles 128 and 134, UCMJ.

[2] We have given full and fair consideration to appellant's other assigned errors and matters personally submitted pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and find them to be without merit.

*convinced of appellant's guilt beyond a reasonable doubt."* United States v. *Rosario*, 76 M.J. 114, 117 (C.A.A.F. 2017) (quoting *United States v. Oliver*, 70 M.J. 64, 68 (C.A.A.F. 2011)).

We first address the legal and factual sufficiency of appellant's conviction for child endangerment of his infant daughter. The panel was instructed on the following elements:

(1) That the accused had a duty of care of AG;

(2) That AG was, then, under the age of 16 years;

(3) That on or about 21 February 2018, at or near Fort Stewart, Georgia, the accused endangered AG's physical health, safety, and welfare through culpable negligence by strangling, striking, and grabbing her mother, Specialist KN, while in close proximity to AG.; and

(4) That under the circumstances, the conduct of the accused was to the prejudice of good order and discipline in the Armed Forces, or of a nature to bring discredit upon the Armed Forces.

In reviewing the evidence contained in the record for factual sufficiency, we are concerned by the lack of evidence to support the third element. The government had the burden to establish appellant's conduct subjected AG to a "reasonable probability of harm." *United States v. Plant*, 74 M.J. 297, 299 (C.A.A.F. 2015).

The record indicates that there was a physical altercation between appellant and SPC KN in the room where AG was asleep. When appellant knocked SPC KN's phone from her hand, appellant reached across the bed, over AG, and smacked the phone out of SPC KN's hand. The record does not indicate where the phone landed.

Specialist KN testified that she attempted to pick up AG on two separate occasions. No further evidence is provided as to what efforts she made to pick up AG or how close she was to AG when appellant "jumped" across the bed, grabbed SPC KN and pushed her against the wall. The evidence indicates appellant was pushing SPC KN away from AG as AG slept soundly on the bed behind appellant.

Under the circumstances, AG does not appear to have been subject to a reasonable probability of harm as she continued to sleep peacefully throughout the entirety of the disturbance. After weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, we are not

convinced beyond a reasonable doubt of appellant's guilt of child endangerment of AG. *See United States v. Turner*, 25 M.J. 324, 325 (C.M.A. 1987).

## CONCLUSION

On consideration of the entire record, the finding of guilt of Specification 2 of Charge IV is SET ASIDE and DISMISSED. The remaining findings are AFFIRMED.

We reassess the sentence in accordance with the principles of *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013) and *United States v. Sales*, 22 M.J. 305, 307-08 (C.M.A. 1986). Appellant's affirmed offenses are of the type that this court has the experience and familiarity with to reliably determine what sentence would have been imposed absent appellant's conviction of the specification of child endangerment. Based on his convictions, appellant could have been sentenced to a dishonorable discharge, twenty years of confinement, forfeiture of all pay and allowances, a reprimand, and reduction to the grade of E-1. The offense of child endangerment by culpable negligence not resulting in harm carries a maximum punishment of one year. The dismissal of this specification does not constitute a dramatic change in the penalty landscape. Accordingly, we AFFIRM the adjudged sentence of confinement for 90 days, forfeiture of $1,680.00 pay per month for one month, reduction to the grade of E-1, and a bad-conduct discharge.

All rights, privileges, and property of which appellant has been deprived by virtue of that portion of the findings set aside by this decision and reassessed sentence are ordered restored. *See* UCMJ arts. 58b(c) and 75(a).

Judge RODRIGUEZ and Judge FLEMING concur.

FOR THE COURT:

JOHN P. TAITT
Chief Deputy Clerk of Court

4

# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
BURTON, RODRIGUEZ, and FLEMING
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Specialist RONALD C. GIVENS**
**United States Army, Appellant**

ARMY 20190132

------------------------------------------------------------
NOTICE OF COURT-MARTIAL ORDER CORRECTION
------------------------------------------------------------

IT IS ORDERED THAT, to reflect the true proceedings at the trial of the above-captioned case,

GENERAL COURT-MARTIAL ORDER NUMBER 2, HEADQUARTERS, FORT STEWART, FORT STEWART GEORGIA 31314, dated 29 January 2020,

IS CORRECTED AS FOLLOWS:

BY reflecting in Specification 1, Charge III, a Finding of "Guilty of assault consummated by battery."

DATE: 19 October 2020

FOR THE COURT:

JOHN P. TAITT
Chief Deputy Clerk of Court