*This opinion is subject to revision before publication.*

# UNITED STATES COURT OF APPEALS
## FOR THE ARMED FORCES

———————————

**UNITED STATES**
Appellee

**v.**

**Dennis A. GEORGE Jr., Senior Airman**
United States Air Force, Appellant

**No. 24-0206**
Crim. App. No. 40397

Argued December 10, 2024—Decided July 21, 2025

Military Judge: Michael A. Schrama

For Appellant: *Major Samantha P. Golseth* (argued); *Megan P. Marinos*, Esq.

For Appellee: *Captain Tyler L. Washburn* (argued); *Colonel Matthew D. Talcott*, *Lieutenant Colonel Jenny A. Liabenow*, and *Mary Ellen Payne*, Esq. (on brief).

Judge SPARKS delivered the opinion of the Court, in which Chief Judge OHLSON, Judge MAGGS, Judge HARDY, and Judge JOHNSON joined.

———————————

Judge SPARKS delivered the opinion of the Court.

A general court-martial composed of officers and enlisted members convicted Appellant, contrary to his pleas, of one specification of attempted sexual assault without consent, in violation of Article 80, Uniform Code of Military Justice, 10 U.S.C. § 880 (2018). The military judge sentenced Appellant to a dishonorable discharge, five months of confinement, reduction to E-1, and a reprimand. The convening authority took no action on the findings, disapproved the reprimand, and upheld the rest of the sentence. On appeal, the United States Air Force Court of Criminal Appeals (AFCCA) affirmed the findings and sentence. The first granted issue requires us to decide whether "Appellant's conviction for attempted sexual assault was legally insufficient because the Government did not prove the alleged overt act."[1] We hold that the reading of the specification adopted by the parties at trial is determinative, and, as such, Appellant's conviction was legally sufficient. We therefore affirm the decision of the AFCCA. *United States v. George*, No. ACM 40397, 2024 CCA LEXIS 224, at *15, 2024 WL 2874133, at *6 (A.F. Ct. Crim. App. June 7, 2024) (unpublished).

---

[1] The following additional issues were granted by this Court:

II. Whether the government can prove that 18 U.S.C. § 922 is constitutional as applied to Appellant when he was convicted of a nonviolent offense.

III. Whether the United States Court of Appeals for the Armed Forces has jurisdiction to direct modification of the 18 U.S.C. § 922 prohibition noted on the staff judge advocate's indorsement to the entry of judgment.

*United States v. George*, 85 M.J. 133 (C.A.A.F. 2024) (order granting review). In accordance with this Court's decision in *United States v. Johnson*, __ M.J. __ (C.A.A.F. 2025), we find that because this Court lacks the authority to act on the § 922 indication in the entry of judgment, Appellant's constitutional challenge to 18 U.S.C. § 922 is moot.

## I. Background

Appellant and WMB were coworkers stationed together at Joint Base Langley-Eustis, Virginia. On the evening of July 3, 2021, WMB, Appellant, and other coworkers—BL, LC, and QG—went to a local bar. Later in the evening, Appellant stood in front of WMB and asked if she was trying to give him "head." WMB testified that she understood the term "head" to mean oral sex. WMB tried to defuse this situation by laughing off Appellant's advances and replied "no." At that time, WMB was sitting down in a booth, and Appellant was standing in front of her with his crotch at her eye level. At trial, WMB testified that, at that time, she was not sure if Appellant was joking when he asked her for "head." She stated she did not want to escalate the situation by being aggressive toward Appellant, which caused her to discuss the situation with QG, and WMB suggested they leave because Appellant was "getting kind of drunk."

In the car, WMB sat in the middle back seat with Appellant to her left and QG to her right. Appellant put his right arm around WMB and stated he really wanted her to give him "head." He whispered in her ear, "I am being dead ass. I really want head." WMB testified that she took this to mean that Appellant was serious. WMB again told Appellant, "no." Appellant once again told WMB that she should give him "head," and when she continued to refuse, Appellant grabbed the back of WMB's neck and forced her head towards his crotch. WMB resisted and was able to push herself away. Appellant then grabbed her again, and more forcefully pushed her toward his crotch. This time her cheek touched what WMB believed to be Appellant's crotch because she could feel his zipper. WMB then used her hand to alert QG, who was leaning over the front seat, to the situation. QG heard WMB in a "panicked" state tell Appellant to "get the fuck off" her. That was when QG noticed what was going on. QG saw Appellant's hand on the back of WMB's head and that Appellant was trying to force WMB's head down onto his lap, and he intervened. Due to the commotion in the back seat, the driver, BL, stopped the car. When Appellant exited the vehicle, WMB and LC noticed

that Appellant's pants were unzipped, and his underwear was visible.

Appellant was charged with the following:

> SENIOR AIRMAN DENNIS A. GEORGE, . . . did, at or near Newport News, Virginia . . . attempt to commit a sexual act upon Senior Airman [WMB] by penetrating her mouth with his penis without her consent.

The military judge provided the following instruction with regard to the alleged offense:

> Charge I, Attempt, Sexual Assault without Consent. That, at or near Newport News, Virginia, on or about 4 July 2021, [Appellant] did a certain overt act, that is: attempt to commit a sexual act upon [WMB] by penetrating her mouth with his penis without her consent; that the act was done with specific intent to commit the offense of sexual assault without consent; That the act amounted to more than mere preparation, that is, it was substantial, excuse me, it was a substantial step and a direct movement toward the commission of the intended offense of sexual assault without consent, that is, the act apparently would have resulted in the actual commission of the offense of sexual assault without consent except for [WMB's] physical and or verbal protestation, which prevented completion of the offense.

The military judge instructed on preparation as follows:

> Preparation consists of devising or arranging the means or measures necessary for the commission of the attempted offense. To find the accused guilty of this offense, you must find beyond a reasonable doubt that [Appellant] went beyond preparatory steps, and his act amounted to a substantial step and a direct movement toward the commission of the intended offense. A substantial step is one that is strongly corroborative of the accused's criminal intent and is indicative of his resolve to commit the offense.

Prior to providing findings instructions to the members, the military judge consulted with counsel from both sides

4

and asked that they "specifically affirm that the instructions are correct statement[s] of the law to the best of [the parties'] understanding." Counsel for each side responded in the affirmative. The military judge specifically asked if there were any objections to the instructions, to which trial counsel and trial defense counsel answered, "no." The military judge provided the elements of the underlying attempted offense as follows:

> That at or near Newport News, Virginia, on or about 4 July 2021, [Appellant] committed a sexual act upon [WMB], by penetrating her mouth with his penis; and that [Appellant] did so without the consent of WMB.
>
> The definitions of the attempted offense are:
>
> Sexual act means the penetration, however slight, of the penis into the vulva or anus or mouth.
>
> Consent means a freely given agreement to the conduct at issue by a competent person. An expression of lack of consent through words or conduct means there is no consent.

Trial counsel argued during closing argument on findings that two specific overt acts occurred: (1) the act of holding WMB's head down toward his lap; and (2) the act of undoing his pants prior to holding WMB's head down toward his crotch. Defense counsel failed to object to trial counsel's assertion that these acts could satisfy the overt act requirement.

On appeal, Appellant, for the first time, argued that the completed offense language in the specification constituted the overt act the Government was required to prove. The AFCCA summarized Appellant's argument, and its conclusion, as follows:

> Specifically, Appellant argues that the highlighted language denotes the overt act element, meaning the Government was required to prove that Appellant actually penetrated WMB's mouth with his penis. We disagree and find that the language in the specification was designed to, and did in fact, place Appellant on notice of the nature of the underlying predicate offense—that he

attempted to sexually assault WMB without her consent.

*George*, 2024 CCA LEXIS 224, at *14, WL 2874133, at *5 (footnote omitted).

## II. Discussion

Appellant has framed this case as an issue of legal sufficiency. However, rather than a claim of insufficiency of the evidence, the real issue appears to be a dispute between Appellant on appeal and the parties at trial as to how to interpret the wording of the specification as drafted, and whether Appellant was provided the requisite notice to defend against the allegation. We review issues of legal sufficiency de novo. *United States v. Harrington*, 83 M.J. 408, 414 (C.A.A.F. 2023). The test for legal sufficiency is whether, "viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Robinson*, 77 M.J. 294, 297-98 (C.A.A.F. 2018). The legal sufficiency assessment "draw[s] every reasonable inference from the evidence of record in favor of the prosecution." *Id.* at 298 (alteration in original) (internal quotation marks omitted) (quoting *United States v. Plant*, 74 M.J. 297, 301 (C.A.A.F. 2015)). Thus, "[t]he standard for legal sufficiency involves a very low threshold to sustain a conviction." *United States v. King*, 78 M.J. 218, 221 (C.A.A.F. 2019) (alteration in original) (internal quotation marks omitted) (citation omitted).

A specification is sufficient if it fairly informs an accused of the offense he must defend against and enables the accused to "plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Norwood*, 71 M.J. 204, 206 (C.A.A.F. 2012) (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)). "A specification is sufficient if it alleges every element of the charged offense expressly or by necessary implication . . . ." Rule for Courts-Martial 307(c)(3) (2019 ed.).

Appellant's reading of the specification requires us to believe that the Government charged an attempted sexual

assault and pleaded the complete offense as the overt act. It is implausible to think that the Government would have charged an attempt in lieu of the completed offense if the attempt required them to prove the completed offense.

"Both [the Fifth and Sixth] amendments ensure the right of an accused to receive fair notice of what [they are] being charged with." *United States v. Girouard*, 70 M.J. 5, 10 (C.A.A.F. 2011). Because there was no objection at trial, the scope of our review is limited to whether there was plain error. *See United States v. Warner*, 73 M.J. 1, 3 (C.A.A.F. 2013) (reviewing defects in charges—such as claims of lack of fair notice—for plain error "[w]hen not objected to at trial"). Under plain error review, Appellant has the burden of demonstrating that: "(1) there was error; (2) the error was plain or obvious; and (3) the error materially prejudiced a substantial right of [Appellant]." *United States v. Rocha*, 84 M.J. 346, 349 (C.A.A.F. 2024) (internal quotation marks omitted) (quoting *United States v. Wilkins*, 71 M.J. 410, 412 (C.A.A.F. 2012)). "[A]n error is 'plain' when it is 'obvious' or 'clear under current law.'" *Warner*, 73 M.J. at 4 (quoting *United States v. Olano*, 507 U.S. 725, 734 (1993)).

First, we must address whether there was any error at all. Here, we are presented with a specification that may have multiple interpretations. In such a case, where there is no objection to the wording of the specification and no claim of a lack of notice at trial, we will adopt the reading of the charge and specification that it appears the parties at trial adopted if that interpretation is reasonable.[2] It appears that both parties at trial reasonably understood that the challenged language did not describe an expressly alleged overt act but instead served to provide proper notice of the predicate offense.

---

[2] While this is a new approach, it is not dissimilar from how this Court has addressed ambiguities in the pretrial agreement context. *See United States v. Acevedo*, 50 M.J. 169, 172-74 (C.A.A.F. 1999) (holding that the actions of the participants at trial can resolve ambiguous terms in pretrial agreements).

At trial, defense counsel did not move for a bill of particulars, made no objection based on a lack of notice as to what to defend against, and did not object to the military judge's instructions to the members regarding the specification. Finally, Appellant has made no claim of ineffective assistance on the part of his trial defense counsel for not doing so.[3] Appellant's counsel never objected to the military judge's instruction to the members that "by penetrating" was part of the predicate offense. His trial defense counsel spent much of his closing argument arguing that the two overt acts the Government ultimately proved—the act of holding WMB's head down toward his lap and the act of undoing his pants prior to holding WMB's head down toward his crotch—did not occur.

All of this indicates that the parties at trial understood that the challenged language did not describe an expressly alleged overt act, but instead served to provide proper notice of the predicate offense. To be clear, the specification could have been drafted more clearly; however, it is not so poorly drafted that there is no conceivable interpretation that renders the charge valid, nor does it appear any of the parties viewed it as invalid at the trial. Here, there is no error, plain or otherwise.

Having established Appellant had sufficient notice, the Court can now answer Appellant's legal sufficiency claim using the reading of the charge that was adopted at trial. In this case, the Government argued that the evidence established both that Appellant undid his pants and forced WMB's head down toward his lap. Appellant does not dispute that these were proven at trial. And either of these actions provide the overt act necessary to prove a charge of attempted sexual assault. Thus, viewing this evidence in a

---

[3] We might speculate whether Appellant, a lay person, could have conceivably expressed his confusion to his counsel regarding his reading of the specification. However, in the absence of a claim of ineffective assistance, we must presume that if there were any such concerns, they were allayed by counsel and that Appellant was satisfied with the advice of his counsel.

light most favorable to the prosecution, Appellant's conviction was legally sufficient.

### III. Conclusion

The decision of the United States Air Force Court of Criminal Appeals is affirmed.